22335

Robert S. HORNE, Administrator of the Estate of Wayne Franklin Horne, deceased, Respondent-Appellant, v. James BEASON, Joe Moon, Darrell Kimbrell, Ken Holloway, Don N. Smith, Wayne Welborn, Randall G. Ponder, Paul Greer, Roy Collins, Jr., L. C. Pearson, Nancy Jones, and the City of Greer, Defendants, Of Whom The City of Greer is Appellant, And James Beason and Joe Moon are Appellants-Respondents, And Don N. Smith, Wayne Welborn, Randall G. Ponder, Paul Greer, Roy Collins, Jr., L. C. Pearson and Nancy Jones are Respondents. Appeal of The CITY OF GREER.

(331 S. E. (2d) 342)

Supreme Court

*Jeffrey A. Merriam* of *Carter, Smith, Merriam & Rogers,* Greer, *for appellant.*

*W. Howard Boyd, Jr.* of *Rainey, Britton, Gibbs & Clarkson,* Greenville, *for appellants-respondents and respondents.*

*Thomas W. Greene* and *Jerry L. Taylor,* Greenville, *for respondent-appellant.*

Heard April 24, 1985.

Decided May 29, 1985.

LITTLEJOHN, Chief Justice:

Wayne Franklin Horne, a seventeen-year-old boy, was discovered dead in his cell at the City of Greer Jail. There is no contention that he died at the hands of another, and the agreed statement of fact by which the parties are bound stipulates that "... he was found dead in his cell, having hanged himself."

These wrongful death and survival actions were instituted against several defendants by the plaintiff-respondent-appellant, Robert S. Horne, in his capacity as Administrator of the Estate of the deceased. Identity of the various defendants is necessary to an understanding of the issues involved in this appeal.

The City of Greer is a municipality; Don N. Smith is Mayor and Welborn, Ponder, Greer, Collins, Pearson and Jones are members of City Council; Beason was Chief of Police and Moon was shift supervisor of the jail; Kimbrell and Holloway are members of the South Carolina Highway Patrol who arrested the youth and delivered him to the jail for incarceration. The complaint alleges all of these defendants were negligent and proximately caused the death of Horne and that the plaintiff is entitled to recovery of both actual and punitive damages.

The facts are not greatly, if at all, in dispute. Wayne Franklin Horne was arrested by Patrolmen Kimbrell and Holloway on the night of August 19, 1982, while driving a motor vehicle and dressed in swimming trunks and a

bathrobe with a cloth belt. He was charged with driving under license suspension, second offense, and with operating an uninsured motor vehicle all in violation of statutory law. They took him to the Greer City Jail where he was incarcerated as the sole occupant of a cell at approximately 10:25 p.m. Some thirty-five minutes later, he was found dead in the cell having hanged himself from overhead bars with the cloth bathrobe belt he was wearing when arrested.

Patrolmen Kimbrell and Holloway answered the complaints denying allegations of negligence and moved for summary judgment. All other defendants demurred asserting (1) that sovereign immunity was applicable, (2) the complaint failed to state a cause of action, and (3) the death was a suicide and all were not subject to liability as a matter of law. The trial judge granted summary judgment in favor of the arresting patrolmen; he denied the demurrers of Moon and Beason and of the City of Greer; he *sua sponte* dismissed the action as related to the Mayor and Councilmen.

Moon, Beason and the City appeal submitting that the trial judge erred in denying their demurrers. Plaintiff appeals arguing that the trial judge erred in granting summary judgment to the two patrolmen and in dismissing the Mayor and City Council *sua sponte.*

As relates to the cause of action against the City of Greer, there has recently been filed in this Court an opinion in the case of *McCall v. Batson*, 329 S. E. (2d) 741, S. C. 1985, in which the doctrine of sovereign immunity has been eroded. That opinion held that governmental entities, such as the City of Greer, are immune from suit until July 1, 1986, unless they have liability insurance. All parties stipulate that at the time this cause of action arose, the City of Greer did not have liability insurance coverage. Accordingly without further discussion of the merits of the case, the City of Greer prevails on this appeal and we reverse the denial of the demurrer as to the defendant based on *McCall.*

In light of the view we take, it is not necessary to separately discuss the charges of culpability against (1) the Mayor and City Council, (2) the Highway Patrolmen and (3) the chief of police and supervising jailor. No pursuable cause of action is alleged against any of these.

These tort actions are based on alleged negligence; negligence is based upon a breach of a duty owed. A breach of duty exists when it is foreseeable that one's conduct may likely injure the person to whom the duty is owed. The damages allegedly sustained must be shown to have been proximately caused, i.e. causally connected, to the breach of duty in order to warrant a recovery.

> ... [D]amages for an injury resulting from a negligent act of the defendant may be recovered if a reasonably prudent and careful person should have anticipated, under the same or similar circumstances, that injury to the plaintiff or to those in a like situation would probably result. The most common test of negligence, therefore, is whether the consequences of the alleged wrongful act were reasonably to be foreseen as injurious to others coming within the range of such acts.

> \* \* \* \* \* \*

> ... The existence of actionable negligence depends, not upon what actually happened, but upon what reasonably might have been expected at the time, and not by a judgment from actual consequences which were not then to be apprehended by a prudent and competent man. ...

57 Am. Jr. (2d), *Negligence,* § 58.

The plaintiff's theory is that the chief of police and the jailor, acting on behalf of the City and Councilmen, neglected a duty which they owed to the deceased. At oral argument, counsel was asked just what plaintiff contends they should have done or what they omitted to do that a reasonably prudent person would have done or omitted to do. It was argued that they should have foreseen that a seventeen-year-old boy dressed in a bathing suit and bathrobe with a cloth belt, if incarcerated in a cell where there were overhead bars, would likely use the belt and the bars to take his own life. Counsel argues that the dress was sufficiently unusual to alert the jailor to a potentially hazardous situation. We are of the opinion that the presence of overhead bars is of no real significance. It is common knowledge that persons may hang themselves from

side prison bars as well as from overhead prison bars. We can think of few things more unlike a dangerous instrumentality than a bathrobe belt.

Jailors, like others, are expected to perform their duty, avoid negligence and foresee that certain acts might cause injury to others. A jailor, however, is not expected to be a fortune-teller or psychologist or psychiatrist. To require a jailor to foresee that a person incarcerated under circumstances described hereinabove would commit suicide would require of him capabilities, characteristics and genius unknown to the ordinary, reasonably prudent jailor.

Foreseeability is often a jury issue but not here. If the plaintiff proved everything that is alleged in the complaint, it would become the duty of the trial judge to grant a nonsuit or a directed verdict or, in case of a jury verdict, to grant judgment notwithstanding the verdict. Under the circumstances, none of the defendants should have been expected to foresee that Horne would likely commit suicide. This being true, the judge correctly dismissed the action insofar as the Highway Patrolmen are concerned and insofar as the Mayor and City Council are concerned. He erred in failing to grant the demurrer as relates to both the jailor, the chief of police and the City of Greer.

Patently, the real proximate cause of Wayne Franklin Horne's death was that he no longer wished to live. There is no causal link between any act of omission by any of the defendants and his death.

In summary, we hold that the entire action should be, and is hereby, dismissed.

Affirmed in part and reversed in part.

NESS, GREGORY, HARWELL and CHANDLER, J.J., concur.