0975

Thomas Lee McKENZIE, Appellant v. William D. LEEKE, Commissioner, South Carolina Department of Corrections, Louise Brown, Warden, Midlands Reception and Evaluation Center, and James L. Harvey, Respondents.

(357 S. E. (2d) 721)

Court of Appeals

---

*Barry B. George* and *Allan E. Fulmer, Jr.*, Columbia, *for appellant.*

*Charles E. Carpenter, Jr.*, and *George C. Beighley, Richardson, Plowden, Grier & Howser*, Columbia, *for respondents.*

Heard May 27, 1987.

Decided June 22, 1987.

GOOLSBY, Judge:

Thomas Lee McKenzie, a former "A" custody prison inmate at the Midlands Reception and Evaluation Center in Columbia, brought this action against William D. Leeke, the Commissioner of the South Carolina Department of Corrections, Louise Brown, the Warden at the Center, and James L. Harvey, the Department's Regional Administrator, in their official capacities alleging that a breach of their duty to protect him against attack by third parties caused him to be wounded by a shotgun blast fired by Eartha Louis Carr, a former boyfriend of Dye Ann Burkett, McKenzie's registered visitor at Midlands Center. The trial court granted the defendant prison officials summary judgment. McKenzie appeals. The dispositive question concerns whether McKenzie's injuries resulted from a breach of duty on the part of these officials to protect McKenzie from a third party attack. We affirm.

On May 25, 1985, McKenzie saw Carr running along Hampton Street, up Lincoln Street, and into an open parking lot where McKenzie was visiting with Burkett. When McKenzie and Burkett realized Carr was carrying a shotgun, they ran toward a van parked in the parking lot. Carr chased them down and shot them both. He also struck McKenzie with the shotgun. Columbia police officers arrested Carr moments after the shootings.

The Department allowed inmates with either "A" or "AA" custody to receive visitors within the parking lot where Carr shot McKenzie and Burkett. A policy guideline adopted by Brown and Harvey and applicable to automobiles coming into this parking lot states that "[t]he Shift Super-

visor will be responsible for having a Correctional Officer spot check the vehicle(s) every 45 minutes during visitation periods." S. C. Department of Corrections Policy No. 1500.3 (March 4, 1985). McKenzie, both in his brief and at oral argument, repeatedly pointed to this guideline as the basis of his contention that his injuries resulted from a breach by the defendant prison officials of their duty to protect him. The record when viewed in the light most favorable to McKenzie, contains evidence that no one, including the three officials here, at any time spot checked the motor vehicles in the parking lot where the assault on McKenzie and Burkett occurred.

Assuming, without deciding, that the doctrine of sovereign immunity does not bar the action against Leeke, Brown, and Harvey in their official capacities, that these officials owed McKenzie a duty to protect him from an assault by a third party, and that Policy No. 1500.3 imposed on each of them the duty periodically to spot check motor vehicles using the parking lot in question, we do not see how their failure to carry out this duty resulted in McKenzie's injuries. *See McCall v. Batson*, 285 S. C. 741, 329 S. E. (2d) 741 (1985) (the abrogation of the doctrine of sovereign immunity does not extend to discretionary acts); RESTATEMENT (SECOND) OF TORTS § 320 (1965) (wherein is discussed the duty owed by a person having custody of another to control the conduct of third persons); Annot., 41 A.L.R. (3d) 1021 (1972) (wherein is discussed the liability of prison officials for an injury to a prisoner directly caused by an assault by another prisoner).

In *Horne v. Beason*, 285 S. C. 518, 331 S. E. (2d) 342 (1985), the administrator of the estate of a prisoner who hanged himself in a jail cell brought wrongful death and survival actions against the jailor and others. The Supreme Court held the trial court should have dismissed the action as to all defendants. The Court quoted the following from 57 Am. Jur. (2d) *Negligence* § 58 at 409-11 (1971) to support its holding:

"[D]amages for an injury resulting from a negligent act of the defendant may be recovered if a reasonably prudent and careful person should have anticipated, under the same or similar circumstances, that injury to the

plaintiff or to those in a like situation would probably result. ...

....

... The existence of actionable negligence depends, not upon what actually happened, but upon what reasonably might have been expected at the time, and not by a judgment from actual consequences which were not then to be apprehended by a prudent and competent man. ..."

285 S. C. at 521, 331 S. E. (2d) at 344.

Although foreseeability is ordinarily a jury issue, we do not think it reasonably foreseeable as a matter of law that a prison official's failure periodically to spot check motor vehicles in an open parking lot used as a visiting area by prison inmates would probably result in a prisoner being injured by a third person who ran, not drove, from a city street into the parking lot.

The trial court, therefore, properly granted summary judgment to the defendant prison officials.

Affirmed.

SANDERS, C. J. and LITTLEJOHN, J., concur.