1123

Florence SENN, Respondent v. SUN PRINTING COMPANY and Bowers & Floyd, Inc., Defendants. Appeal of BOWERS & FLOYD, INC.

(367 S. E. (2d) 456)

Court of Appeals

*William B. Woods, Brown & Woods,* Columbia, *for appellant.*

*Eugene C. Griffith, Griffith, Mays, Foster & Kittrell,* Newberry, *for respondent.*

Heard Feb. 16, 1988.

Decided April 4, 1988.

GARDNER, Judge:

This is a premises liability case brought by Florence Senn (Senn) against Sun Printing Company (Sun) and Bowers & Floyd, Inc. (Bowers). Upon trial, the jury returned a verdict against Bowers and Sun for $11,099.94. Upon Senn's motion, the trial judge granted a new trial on the issues of damages only. Bowers appeals; Sun does not. We reverse and remand.

Senn fell in a parking lot which she alleged was jointly maintained by Bowers and Sun for the purpose of providing parking for the automobiles owned by customers calling upon both Bowers and Sun; she alleged that upon parking in the parking lot, she went into the business houses of both Bowers and Sun for the purposes of transacting business with them, and as such, was a business invitee of both Bowers and Sun; she then alleged that as she was walking back to her truck, the asphalt covering over the parking lot not being properly maintained and several potholes being

present, she stepped near a pothole and the asphalt crumbled under her foot causing her to fall and suffer severe injuries.

Bowers' answer set up, *inter alia,* the defense of assumption of risk. During the trial Bowers made a timely motion on the basis of its defense of assumption of risk and a post-verdict motion for judgment n.o.v. on the same ground; the trial judge overruled both motions. Whether the trial judge erred in so ruling is the issue treated by this decision.

We briefly review the facts. Bowers and Sun own adjoining tracts of land; their businesses front on Boyce Street in Newberry, South Carolina; Boyce Street intersects McKiven Street; the rear of both tracts is used for parking; the employees of Bowers and Sun permissively used each other's spaces. One entering the Bowers' property must enter from McKiven Street. The following is a drawing depicting the situation.

There were no signs prohibiting customer parking; both Bowers and Sun were aware that customers, including Senn, parked in the lot and neither Bowers nor Sun objected thereto. There is evidence of record to support Senn's theory that Bowers and Sun jointly maintained the parking lot for purposes of providing parking for automobiles owned by customers of both Bowers and Sun.

Bowers and Sun had covered the parking lot with asphalt around the year 1965; at that time, they had together marked off parking areas. By December 28, 1983, the date Senn was injured, large potholes had developed in the asphalt; from the pictures of record, it is evident that the edges of the potholes were crumbling and a dangerous situation existed. Employees of Bowers and Sun testified that when Senn drove into the parking lot she parked over one of the potholes approximately 20 feet behind the business houses of Bowers and Sun. She safely exited her car and made business visits to both Bowers and Sun's offices. Senn testified that she knew the potholes were dangerous. She testified "I came out of the backdoor and naturally I saw the big washed-out area. While I was trying to dodge it and I was walking along the outer edge, you know, where it was still asphalt, solid. As I was walking along I felt it give and whatever it gave I don't know whether it humped off or whether it crumbled or whether it just broke off. I do not know." On cross-examination she testified as follows:

Q. You didn't have any problem when you initially got out of your pickup and went to Sun Printing and went to Bowers and Floyd?
A. No, sir, I went in a different direction.
Q. Is there any reason you couldn't have taken that very same route back to your pickup going back?
A. I would have been going out of the way.
Q. You took that chance and walked in on the edge of that pothole?
A. More than likely I would have had to go through the pothole one way or the other to see where it went.

With this factual background, we turn to the legal issue of the case; i.e., whether Bowers' motion for directed verdict and judgment n.o.v. should have been

granted. The doctrine of assumption of risk, also known as *volenti non fit injuria,* means legally that a plaintiff may not recover for an injury to which he assents, i.e., that a person may not recover for an injury received when he voluntarily exposes himself to a known and appreciated danger. The requirements for the defense of *volenti non fit injuria* are: (1) the plaintiff has knowledge of the facts constituting a dangerous condition, (2) he knows the condition is dangerous, (3) he appreciates the nature and extent of the danger, and (4) he voluntarily exposes himself to the danger. *See* West's S. C. Digest *Negligence* Key No. 105.

Under the defense of assumption of risk, sometimes referred to as the doctrine of incurred risk or taking the risk or hazard, or running the risk, a plaintiff who voluntarily assumes the risk of injury arising from the negligent conduct of the defendant cannot recover for the injury. And in this state the doctrine of assumption of risk may apply to preclude recovery in negligence cases. *Griffin v. Griffin,* 282 S. C. 288, 318 S. E. (2d) 24 (Ct. App. 1984).

The doctrine of assumption of risk involves an intelligent and deliberate choice between a course known to be dangerous and what is not dangerous. It involves the taking of a calculated risk. Assumption of risk is a matter of knowledge of a danger and the intelligent acquiescence in it. The doctrine is predicated on the factual situation of a defendant's acts alone creating the danger and causing the accident, with the plaintiff's act being that of voluntarily exposing himself to such an obvious danger with appreciation thereof which resulted in the injury. 65A C. J. S. *Negligence* Section 174 (1966).

The uncontradicted evidence of record is that Senn (1) saw the potholes, (2) knew that the potholes were dangerous, (3) intentionally walked on the edge of a pothole to get to her truck which she had parked over a pothole and (4) could have parked her truck in a safer area or avoided walking on the edge of the pothole while returning to her truck. We find no evidence of record contradicting these facts. Applying the law of assumption of risk to these facts, we hold that the trial judge erred in failing to grant Bowers' motions for a directed verdict and judgment n.o.v. And we so hold.

For the reasons stated, we reverse the appealed judgment

and remand for entry of judgment in accordance with this decision.

Reversed and remanded.

SANDERS, C J., and BELL, J., concur.