1442

Ex Parte Janice B. CROLLEY, as Guardian ad Litem, In Re Robert B. Crolley, Appellant v. Ed HUTCHINS d/b/a Willoughby's, Respondent.

(387 S. E. (2d) 716)

Court of Appeals

*Carolyn B. Steigner*, of *Hendrix & Steigner*, Lexington, and *Donald E. Jonas*, of *Jonas & Wiggins*, Columbia, *for appellant.*

*Mikell R. Scarborough*, of *Kennedy, Price & Dial*, Columbia, *for respondent.*

Heard Dec. 12, 1989.

Decided Dec. 18, 1989.

BELL, Judge:

This is an action in negligence. Robert B. Crolley through his guardian *ad litem,* Janice B. Crolley, brought suit against Ed Hutchins seeking to recover damages for personal injuries sustained when Crolley attempted suicide. The circuit court granted Hutchins's motion for summary judgment. Crolley appeals. We affirm.

On November 21, 1986, at about 6:00 p.m., Crolley entered a bar known as Willoughby's. Between 6:00 p.m. and 8:00 p.m., he ordered and Hutchins served him at least four alcoholic drinks. It is inferable that he continued to drink after 8:00 p.m. About 9:00 p.m., Crolley ordered another drink. Hutchins refused to serve him because he appeared to be intoxicated. When Hutchins asked Crolley to pay his bill, he refused. Hutchins eventually called the Forest Acres Police, who arrested Crolley for disorderly conduct and removed him from the bar to the Richland County Detention Center at about 10:30 p.m. The police incident report indicates Crolley was too intoxicated to be fingerprinted at that time.

At about 2:00 a.m. on November 22, 1986, Crolley attempted to commit suicide by hanging himself in his cell. As a result, he suffered brain damage. The police transported Crolley to a hospital. A blood alcohol test performed there showed Crolley's blood alcohol level was .272% at approximately 2:30 a.m. A person is considered legally intoxicated with a blood alcohol level of .10%. *See* Section 56-5-2950(b) of the Code of Laws of South Carolina, 1976, as amended.

In order to recover in a negligence action, the plaintiff must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach. *South Carolina Insurance Company v. James C. Greene & Co.,* 290 S. C. 171, 348 S. E. (2d) 617 (Ct. App. 1986). Crolley argues that Hutchins was negligent *per se* because he violated Section 61-5-30, Code of Laws of South Carolina, 1976, as amended, which prohibits the sale of alcohol to an intoxicated person. Assuming this to be correct, Crolley must still prove that the injuries from his attempted suicide

were the proximate result of Hutchins's conduct. *Scott v. Greenville Pharmacy, Inc.*, 212 S. C. 485, 48 S. E. (2d) 324 (1948) (violation of a statute, while negligence per se, will not support a recovery for damages unless such violation proximately caused injuries complained of).

A negligent act or omission is a proximate cause of injury if, in a natural and continuous sequence of events, it produces the injury, and without it, the injury would not have occurred. *Shepard v. South Carolina Department of Corrections*, _____ S. C. _____, 385 S. E. (2d) 35 (Ct. App. 1989). Where the injury complained of is not reasonably foreseeable there is no liability. *Woody v. South Carolina Power Company*, 202 S. C. 73, 24 S. E. (2d) 121 (1943). One is not charged with foreseeing that which is unpredictable or which would not be expected to happen as a natural and probable consequence of the defendant's negligent act. *Id.* Foreseeability is to be judged from the perspective of the defendant at the time of the negligent act, not after the injury has occurred. *Shepard v. South Carolina Department of Corrections, supra.*

The decision in *Scott v. Greenville Pharmacy, Inc.*, 212 S. C. 485, 48 S. E. (2d) 324 (1948), appears to be controlling. In *Scott,* a druggist dispensed barbiturate capsules to Scott without a doctor's prescription in violation of a state statute. While under the influence of the drug, Scott committed suicide by hanging. His widow sought damages for his death. The Supreme Court held there was no proximate causation, as a matter of law:

> We think it would be going entirely too far ... to hold that the unlawful sale of the barbiturate capsules brought about the condition of suicidal mania as the natural and probable consequence of the sale, or that this result should have been reasonably foreseen by the respondent [druggist].

212 S. C. at 495, 48 S. E. (2d) at 328.

In this case, Crolley's attempted suicide was likewise too remote from the alleged statutory violation to establish proximate causation. One does not expect a person to attempt suicide as a natural and probable result of being served a drink while intoxicated. The only inference to be

drawn from the evidence is that the attempted suicide was an act which Hutchins could not reasonably have foreseen and anticipated when he last served Crolley. Thus, there was no proximate causation, as a matter of law.

Affirmed.

SHAW and CURETON, JJ., concur.