2493

Regina PRYOR, Appellant v. NORTHWEST APARTMENTS, LTD., and Boyd Management, Respondents.

(469 S.E. (2d) 630)

Court of Appeals

*D. Michael Henthorne* and *Michael E. Atwater*, both of *McMehan & Associates*, of Columbia, *for appellant*.

*J.R. Murphy* and *William R. Calhoun, Jr.*, both of *Sweeny, Wingate, Murphy & Barrow*, of Columbia, *for respondents*.

Heard Feb. 6, 1996.

Decided Apr. 15, 1996.

CONNOR, Judge:

Regina Pryor appeals the trial court's order granting the summary judgment motion of Northwest Apartments and Boyd Management in this slip and fall case. We affirm.

Summary judgment is proper only when no genuine issue of material fact exists. Rule 56(c), SCRCP. In determining whether an issue of facts exists, the evidence and all its inferences must be viewed in the light most favorable to the nonmoving party. *Koester v. Carolina Rental Center, Inc.*, 313 S.C. 490, 443 S.E. (2d) 392 (1994). Moreover,

> [a] party opposing a properly supported motion for summary judgment . . . may not rest on the mere allegations or denials of his pleading, but must set forth or point to specific facts showing that there is a genuine issue of material fact. Thus, the existence of a mere scintilla of evidence in support of the nonmoving party's position is not sufficient to overcome a motion for summary judgment.

*Bravis v. Dunbar*, 316 S.C. 263, 265, 449 S.E. (2d) 495, 496 (Ct. App. 1994) (citations omitted).

## FACTS

The evidence, in the light most favorable to Pryor, is as follows. Pryor resided in an apartment building owned by Northwest Apartments, Ltd., and Boyd Management (collectively Northwest). On the night of February 1, 1991, Pryor was walking from her apartment to the parking area for the building. A truck in front of the paved walk partially blocked the entrance to the parking lot. Pryor walked through an unpaved common area and slipped on a patch of mud covered with pine straw, breaking her leg. She could have taken several alternate routes around the muddy area.[1]

The ground was wet that night because it had rained earlier. Pryor knew the muddy common area was dangerously slick when wet because her mother had previously fallen nearby. The night Pryor fell, the mud had been covered with pine straw. Pryor knew the straw had been placed over the mud, but did not know another tenant had put it there. Northwest, on the other hand, knew a resident had raked the pine straw over the bare spots.

## ISSUES

Pryor sued Northwest alleging, among other things, negligent failure to properly maintain the common area and failure to warn of a dangerous condition. Northwest moved for summary judgment, arguing it had no duty to warn Pryor the wet common area presented a dangerous condition. Moreover, Northwest argued even if it had a duty, Pryor assumed the risk of her injuries. The trial court granted the summary judgment, agreeing Northwest had no duty and Pryor had assumed the risk. Pryor now appeals that ruling.

## DISCUSSION

Pryor first argues the trial judge erred in applying the law to the facts in this case. She points out the judge analyzed this case under *Meadows v. Heritage Village Church & Missionary Fellowship, Inc.*, 305 S.C. 375, 409 S.E. (2d) 349 (1991), which involved a premises liability action against a hotel. Pryor asserts the judge should have analyzed the case under

---

[1] Pryor testified she could have walked around a dumpster. Also, she could have walked between the parked cars, but chose not to because she didn't want to brush up against them.

the South Carolina Residential Landlord and Tenant Act (RLTA), S.C. Code Ann. §§ 27-40-10 through 27-40-940 (1991 & Supp. 1995).

This is an action sounding in negligence under the ■ RLTA. *See Watson v. Sellers*, 299 S.C. 426, 385 S.E. (2d) 369 (Ct. App. 1989) (the RLTA creates a right in tort for breach of a duty owed by the landlord to the tenant).[2] As with any negligence action, plaintiff must establish (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach. *Crolley v. Hutchins*, 300 S.C. 355, 387 S.E. (2d) 716 (Ct. App. 1989). Section 27-40-440(a)(3) of the RLTA sets out the applicable duty of care:

> (a) A landlord shall:
>
> \* \* \* \* \*
>
> (3) Keep all common areas of the premises in a *reasonably safe condition*, and, for premises containing more than four dwelling units, keep in a reasonably clean condition.

S.C. Code Ann. § 27-40-440(a)(3) (1991) (emphasis added). The RLTA creates a new cause of action not found at common law. *Watson v. Sellers*. However, we must look to the common law for guidance in analyzing new causes of action. In *Meadows v. Heritage Village Church & Missionary Fellowship, Inc.*, 305 S.C. 375, 409 S.E. (2d) 349 (1991), a premises liability action, the Supreme Court addressed the duties owed to invitees by possessors of land. Under the facts of that case, Meadows, a hotel guest, was walking from the hotel parking lot to the hotel. Because the gravel path back to the hotel was flooded, Meadows decided to walk across the grass. She slipped on the

---

[2] Northwest argues Pryor has abandoned any argument she may have had under the RLTA by failing to specifically raise then issue in her memorandum in opposition to Northwest's motion for summary judgment. Northwest further argues the issue is not preserved for appeal because the trial court did not expressly rule on it and Pryor failed to raise the issue in a Rule 59(e) motion to alter or amend the judgment. However, Pryor's pleadings clearly asserted the RLTA was applicable to the facts of this case. Moreover, the trial court implicitly ruled on and rejected this argument in finding Northwest had no duty to warn of dangerous conditions existing on its property.

wet grass and fell. Even though the route across the grass was the shortest way to the hotel, there were at least two alternate routes Meadows could have taken. The *Meadows* court held the operator of a parking lot could not insure the safety of all who used the lot, but owed a duty to keep the premises used by invitees in a *reasonably safe condition.* We note this is the same duty of care defined in the RLTA. *Meadows* also held a possessor of land had no duty to warn an invitee of an open and obvious natural condition. *Id.* at 378, 409 S.E. (2d) at 351. Applying these principles to the facts before us, there is no evidence Northwest breached its statutory duty to keep the premises in a reasonably safe condition. Moreover, Northwest owed no duty to warn of open and obvious natural conditions. A landlord cannot serve as an insurer of the safety of every tenant. The facts of this case are very similar to those in *Meadoes*, except here, the naturally occurring condition (mud) was immaterially altered by a tenant who had raked pine straw that had fallen nearby. Furthermore here, as in *Meadows*, the landlord could not foresee Pryor would choose to walk on the mud and pine straw rather than taking an alternate route. Accordingly, there was no evidence the landlord breached his duty of care. Summary judgment was therefore proper as a matter of law. Although the trial judge based his finding on a lack of duty, we may affirm on any ground appearing in the record. Rule 220(c), SCACR.

Pryor next argues the trial judge erred in granting summary judgment because discovery requests were outstanding. However, Pryor did not ask the court to continue the case so that discovery could be completed. Therefore this issue is not preserved for our review. *Smith v. Phillips*, 318 S.C. 453, 458 S.E. (2d) 427 (1995) (but for a very few exceptional situations, an appellate court cannot address an issue that was not raised to and ruled on by the trial court).[3]

Affirmed.

HOWELL, C.J., concurs and CURETON, J., dissents in separate opinion.

---

[3] Because we affirm the grant of summary judgment on the basis that there is no evidence, even in the light most favorable to Pryor, that Northwest breached its duty of care, we need not address Pryor's argument on assumption of the risk.

CURETON, Judge, (dissenting):

I respectfully dissent. As noted by the majority, summary judgment is proper only when it is clear that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c) SCRCP. In determining whether triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Koester v. Carolina Rental Center*, 313 S.C. 490, 443 S.E. (2d) 392 (1994). Moreover, even when there is no dispute as to the evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied. *Id.* I believe the question of whether Northwest Apartments had a duty to warn Pryor of a perilous condition and whether Pryor voluntarily assumed the risk of being injured are disputed questions of fact and summary judgment was therefore inappropriate.

The facts, viewed in the light most favorable to Pryor are as follows. Pryor was a tenant in an apartment development owned by Northwest. The apartment building has a paved walk, situated perpendicular to the long axis of the building, which leads directly to a parking area. On the night of February 1, 1991, Pryor was walking from her apartment to the parking area when she found her access to the parking lot blocked by a truck parked in a parking space situated directly in front of the paved walk. Pryor attempted to walk through an unpaved common area but slipped on an area of mud devoid of grass but covered with pine straw. The ground had become wet due to an earlier rainfall. Pryor suffered a broken leg as a result of her fall.

The majority correctly concludes that this is a negligence action sounding in tort under the Residential Landlord and Tenant Act. S.C. Code Ann. § 27-40-10 *et seq.* (Rev. 1991); *See Watson v. Sellers*, 299 S.C. 426, 385 S.E. (2d) 369 (Ct. App. 1989) (the RLTA creates a right in tort for breach of a duty owed by the landlord to the tenant). The majority also notes that under the RLTA, a landlord must keep all common areas of the premises in a reasonably safe condition. S.C. Code Ann. § 27-40-440(a)(3) (Rev. 1991).

The majority concludes the trial court properly granted summary judgment against Pryor because, under the applica-

ble statutes and case law, there exists no evidence Northwest breached its duty of care to Pryor. In reaching this conclusion, the majority likens the facts of this case to those of *Meadows v. Heritage Village Church & Missionary Fellowship, Inc.*, 305 S.C. 375, 409 S.E. (2d) 349 (1991). I think the cases are distinguishable despite certain similarities between the two.

In *Meadows*, the issue was whether a premises owner has a duty to warn an invitee of the danger inherent in walking on wet grass. 305 S.C. 375, 409 S.E. (2d) 349. The plaintiff in *Meadows* decided to walk to the hotel from a parking lot across a grassy area because a gravel path had been flooded during a rainstorm. 305 S.C. at 376, 409 S.E. (2d) at 350. The *Meadows* plaintiff took the shortest path back to the hotel despite the availability of at least two other routes: a paved driveway and a sidewalk. 305 S.C. 375, 409 S.E. (2d) 349. Our Supreme Court held that (1) a possessor of land has no duty to warn an invitee of a natural condition, the peril of which is obvious; (2) the plaintiff did not show that the landowner could have reasonably foreseen that she would try to cross wet grass instead of using another way back to the hotel from the parking lot; and (3) the plaintiff knew and appreciated the danger inherent in walking across the wet grass, and therefore assumed the risk of injury. *Id.*

Here, although the majority concludes that an otherwise naturally occurring condition (the muddy spot where Pryor was injured) was only "immaterially" altered by a resident who raked pine straw over the area, the fact that the area had been altered in such a manner gives rise to the inference that the condition was rendered neither naturally occurring nor obviously dangerous. Indeed, since Northwest was on notice that the area was dangerously muddy and that a resident had raked pine straw over the mud, a jury could have concluded Northwest had a duty to at least warn residents that the pine straw was not placed over the mud as a remedial measure. Moreover, based on Pryor's testimony that she would not have fallen on the muddy spot had it not been for the pine straw, a jury could have concluded Northwest negligently acquiesced in making an otherwise naturally occurring and obviously dangerous condition both latent and more dangerous. I think that by concluding the placing of pine straw over the muddy area was an "immaterial" alteration of a natural condition, the

majority has impermissibly viewed the evidence in the light most favorable to Northwest.

Further, I disagree with the majority's opinion that Northwest could not have foreseen Pryor would choose to walk through the common area rather than take an alternate route. Despite the majority's conclusion to the contrary the evidence in this case gives rise to at least the inference that Pryor took the only route reasonably available to her on the night in question. The majority states Pryor could have chosen either to walk between parked cars or to walk around a dumpster. However, Pryor testified she initially tried to walk between the track parked in front of the paved walk and another vehicle, but the mirrors on the truck were so wide that she could not go through. She also testified she did not feel it was feasible to walk under the mirrors. As to walking around the dumpster, Pryor testified she would have had to leave the paved area in any case, and that her mother had previously slipped on mud while walking in that area. Moreover, it is uncontested Northwest was aware Pryor's mother had fallen in the area near the dumpster and that the truck which blocked Pryor's access to the parking lot was parked in an established parking space.

I would also hold the trial court erred in finding, as a matter of law, that Pryor voluntarily assumed the risk of injury in choosing to walk across the common area. A defense based on the doctrine of assumption of the risk requires a showing that the plaintiff (1) had knowledge of the facts constituting a dangerous condition; (2) knew the condition was dangerous; (3) appreciated the nature and extent of the danger; and (4) voluntarily exposed herself to the danger. *Senn v. Sun Printing Co.*, 295 S.C. 169, 367 S.E. (2d) 456 (Ct. App. 1988); *see Hoeffner v. The Citadel*, 311 S.C. 361, 429 S.E. (2d) 190 (1993) (the defense of assumption of the risk applies where the plaintiff assumes a risk of harm arising from the defendant's negligent or reckless conduct); *Mayes v. Paxton*, 313 S.C. 109, 437 S.E. (2d) 66 (1993) (in the absence of express consent to assume the risk, the plaintiff consent can be implied where he understands and appreciates a known danger created by the defendant, and then freely and voluntarily exposes himself to it). Whether a party has assumed the risk of injury is ordinarily a question of fact to be determined by the jury and only rarely

becomes a question of law for the court. *Smalls v. Pioneer Mach.*, 316 S.C. 479, 450 S.E. (2d) 609 (Ct. App. 1994); *Wallace v. Owens-Illinois, Inc.*, 300 S.C. 518, 389 S.E. (2d) 155 (Ct. App. 1989).

It is uncontested Pryor knew, prior to the accident, that the common area was dangerously slick when wet due to the lack of grass in some areas. However, on the night of her accident, the muddy area she knew to be dangerous had been covered with pine straw. Pryor testified that while she knew before her accident that pine straw had been placed over spots in the common area, she was unaware the pine straw was placed there by another resident until after her fall. Pryor further testified Northwest was aware the pine straw had been placed over the bare spots by the resident.

Viewing the evidence and all reasonable inferences in the light most favorable to Pryor, she could have assumed Northwest placed the pine straw in the common area as a remedial measure. Thus, there exists a factual dispute as to whether Pryor knew and appreciated the nature and extent of the peril in which she placed herself on the night of her fall. I would hold the trial court erred in failing to submit the issue to the jury for determination.

Because I would reverse the trial court's decision to grant Northwest's motion for summary judgment, I will not address Pryor's remaining argument on appeal.