THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
City of Myrtle Beach,       
Respondent,
 
 
 

v.

 
 
 
Miss Kittys, Inc.,       
Appellant.
 
 
 

Appeal From Horry County
John L. Breeden, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-369
Submitted June 8, 2004  Filed June 
 10, 2004

AFFIRMED

 
 
 
William I. Diggs, of Myrtle Beach, for Appellant.
James B. Van Osdell and Cynthia Graham Howe, both of Myrtle Beach, for Respondent.
 
 
 

PER CURIAM:  The City of Myrtle Beach (the 
 City) brought this action seeking a declaration that it is not obligated to 
 provide sewer service to Miss Kittys, Inc., a business located just outside 
 the Citys corporate limits.  Miss Kittys filed a counterclaim alleging the 
 City breached its contract to provide sewer service to the business with the 
 intent to violate Miss Kittys freedom of speech and equal protection rights.  
 The circuit court granted summary judgment in favor of the City on all of Miss 
 Kittys claims.  Miss Kittys appeals, arguing summary judgment was premature 
 because it did not have a chance to finish discovery on the issue of whether 
 the Citys alleged breach of contract violated Miss Kittys constitutional free 
 speech and equal protection rights.  We affirm.
FACTS/PROCEDURAL 
 HISTORY
This case arises from several 
 years of litigation concerning the Citys authority over the property upon which 
 Miss Kittys is located and the Citys obligation to provide sewer service to 
 the property.  In 1996, the owner of the subject property, David Eliyahu, sought 
 sewer service for the property from the City.  Because Eliyahus property was 
 outside the Citys corporate limits, the City required Eliyahu to petition the 
 City for annexation of the property as a condition of the City providing sewer 
 service.  Eliyahu filed the petition and also paid the required sewer impact 
 fee.  Eliyahu later changed his mind, deciding he would rather not have his 
 property annexed.  The City, however, refused to allow Eliyahu to withdraw his 
 annexation petition because it had already connected sewer services to his property. 

Eliyahu subsequently brought an action against 
 the City seeking a court order invalidating the ordinance annexing his property.  
 The circuit court issued a temporary injunction ordering the City not to exercise 
 authority over Eliyahus property pending a final determination.  The injunction 
 also provided the City did not have to provide municipal services to the property, 
 with the exception of water.
In late 1996, during the pendency of Eliyahus 
 suit against the City, Miss Kittys became Eliyahus tenant on the property.  
 Miss Kittys operated as an adult entertainment venue.  The City continued to 
 provide sewer service when Miss Kittys opened its business on Eliyahus property. [1] 
In October 2000, Eliyahu and the City settled the 
 suit after the City agreed with Eliyahus demand to repeal the ordinance annexing 
 the property, essentially putting the parties in their pre-annexation positions.  
 This settlement included an understanding that the City would no longer provide 
 sewer service to the property as a result of the annexation being repealed.  
 Sewer service was disconnected on October 17, 2000.  The following day, Miss 
 Kittys contacted the City and threatened a lawsuit if sewer services were not 
 restored immediately.  Miss Kittys attorney later repeated the threat of a 
 lawsuit.  The City responded by filing the present action seeking a declaratory 
 judgment that it was not required to provide sewer services to Miss Kittys 
 or other property not located within the Citys corporate limits.  Miss Kittys 
 counterclaimed, asserting causes of action for inverse condemnation and breach 
 of contract with intent to violate Miss Kittys right to freedom of speech and 
 equal protection under the United States and South Carolina constitutions.
In June 2001, the City moved to dismiss Miss Kittys 
 amended answer and counterclaim pursuant to Rule 12(b)(6), SCRCP, for failure 
 to state facts sufficient to constitute a cause of action.  This motion, however, 
 was neither heard nor ruled upon by the trial court.  Several months later, 
 in November 2001, the City filed a motion for summary judgment.  That motion 
 was heard on March 7, 2002, and the circuit court issued its order granting 
 summary judgment to the City on May 15, 2002.  This appeal follows.
STANDARD OF 
 REVIEW
A trial court should grant a motion for summary 
 judgment when the pleadings, depositions, answers to interrogatories, and admissions 
 on file, together with the affidavits, if any, show that there is no genuine 
 issue as to any material fact and that the moving party is entitled to a judgment 
 as a matter of law.  Rule 56(c), SCRCP; see also Fleming v. 
 Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002).  In determining whether 
 any triable issues of fact exist, the evidence and all inferences which can 
 be reasonably drawn from the evidence must be viewed in the light most favorable 
 to the nonmoving party.  Strother v. Lexington County Recreation Commn, 
 332 S.C. 54, 61, 504 S.E.2d 117, 121 (1998).  If triable issues of fact exist, 
 those issues must go to the jury.  Young v. South Carolina Dept of Corr., 
 333 S.C. 714, 717, 511 S.E.2d 413, 415 (Ct. App. 1999).
DISCUSSION
Miss Kittys argues summary judgment was premature 
 because it did not have an opportunity to complete discovery on the issue of 
 whether the Citys alleged breach of contract violated Miss Kittys constitutional 
 free speech and equal protection rights.  We disagree.
As an initial matter, we note that the record 
 contains no indication that Miss Kittys objected to the circuit courts consideration 
 of the Citys summary judgment motion on the grounds discovery was incomplete.  
 The only indication that Miss Kittys desired to offer additional evidence was 
 its request at the conclusion of the summary judgment hearing that it be allowed 
 to submit additional affidavits after the hearing.  Neither during the five 
 months the motion for summary judgment was pending, nor during the hearing itself, 
 did Miss Kittys request a continuance of the hearing or otherwise ask the circuit 
 court to hold consideration of the motion in abeyance to allow for additional 
 discovery.  As a threshold matter, therefore, Miss Kittys argument on appeal 
 was not preserved for our review.  See Pryor v. Northwest Apartments, 
 Ltd., 321 S.C. 524, 529, 469 S.E.2d 630, 633 (Ct. App. 1996) (holding issue 
 of whether judge erred in granting summary judgment because discovery requests 
 were outstanding was not preserved when appellant did not ask for a continuance 
 to complete discovery).
Even had Miss Kittys properly raised to the court 
 below its argument that further discovery was warranted, we find it was proper 
 for the circuit judge to consider the summary judgment motion.  Under Rule 56 
 of the South Carolina Rules of Civil Procedure, [a] party seeking to recover 
 upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment 
 may, at any time after the expiration of 30 days from the commencement of the 
 action . . . move . . . for a summary judgment in his favor upon all or any 
 part thereof. Rule 56(a), SCRCP.   Summary judgment, however, is appropriate 
 only after the parties to the action have had a full and fair opportunity 
 to gather relevant facts and develop the record on the issue. Dawkins v. 
 Fields, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003); see also 
 Carolina Alliance for Fair Employment v. S.C. Dept of Labor, Licensing & 
 Regulation, 337 S.C. 476, 485, 523 S.E.2d 795, 800 (Ct. App. 1999) (holding 
 that summary judgment is mandated after adequate time for discovery against 
 a party who fails to make a showing sufficient to establish the existence of 
 an element essential to the partys case and on which that party will bear the 
 burden of proof at trial).  The decision to reopen the record to allow the 
 proffer of additional evidence at the summary judgment hearing is a matter within 
 the sound discretion of the trial judge.  Bessinger v. Bi-Lo, Inc., 329 
 S.C. 617, 620, 496 S.E.2d 33, 35 (Ct. App. 1998).
The timeline of events in the litigation of this case reveals 
 Miss Kittys had ample opportunity to pursue discovery on all of the issues 
 related to its defenses and counterclaims.  The Citys initial complaint in 
 this case was filed in October 2000.  Two months later Miss Kittys moved to 
 amend its answer and counterclaim to include a defense that terminating its 
 sewer services violated its First Amendment rights and a counterclaim for breach 
 of contract with intent to violate its constitutional free speech and equal 
 protection rights.  By consent order, the circuit court granted Miss Kittys 
 motion to amend in May 2001, and the City served a timely response in June 2001.  
 As previously noted, the City did not file its summary judgment motion until 
 November 2001, and that motion was not heard until March 2002.  Throughout this 
 time period, Miss Kittys largely failed to conduct or participate in discovery.  
 In fact, in June 2001, the City was forced obtain an order from the trial court 
 compelling discovery responses from Miss Kittys.  The City was even prompted 
 to move for sanctions when Miss Kittys failed to respond as required by the 
 trial courts order.
Miss Kittys, therefore, squandered its opportunity 
 to discover material facts and develop the record in this case.  Beyond the 
 bare assertions contained in the pleadings, there are no facts in the record 
 before us which would indicate the Citys decision to terminate sewer services 
 to the subject property was motivated by a desire to suppress Miss Kittys constitutional 
 right to free expression or that the City otherwise handled the sewer service 
 dispute differently than it would have had Miss Kittys not been engaged in 
 the adult entertainment business.  Indeed, the City was aware of the nature 
 of Miss Kittys business and provided sewer service to the business for several 
 years prior to the settlement with the property owner, Eliyahu. Accordingly, 
 Miss Kittys has failed to show that additional discovery would shed evidentiary 
 light on these allegations that have gone unsupported throughout the pendency 
 of this case.  See Dawkins, 354 S.C. at 69, 580 S.E.2d at 439 
 (holding that the nonmoving party must demonstrate the likelihood that further 
 discovery will uncover additional relevant evidence and that the party is not 
 merely engaged in a fishing expedition) (quoting  Baughman v. Am. Tel. 
 and Tel. Co., 306 S.C. 101, 112, 410 S.E.2d 537, 544 (1991)).
For these reasons, we find the circuit 
 courts order granting the motion for summary judgment is 
 AFFIRMED.
ANDERSON, HUFF, and KITTREDGE, JJ., 
 concur.

 
 
 
 [1]        Miss Kittys requested additional sewer service for its operation 
 on the subject property for which it paid the City an increased sewer impact 
 fee.