# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Crystal L. Wickersham; Crystal L. Wickersham, as personal representative of the Estate of John Harley Wickersham Jr., Plaintiffs,

v.

Ford Motor Company, Defendant.

Appellate Case No. 2018-001124

---

## CERTIFIED QUESTION

---

ON CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

---

Opinion No. 28003
Heard September 17, 2020 – Filed December 9, 2020

---

## CERTIFIED QUESTION ANSWERED

---

Kathleen Chewning Barnes, Barnes Law Firm, LLC; Ronnie Lanier Crosby, Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A., both of Hampton, for Plaintiffs.

Adam H. Charnes and Thurston H. Webb, Kilpatrick Townsend & Stockton LLP, of Winston-Salem, NC; Joseph Kenneth Carter Jr. and Carmelo Barone Sammataro, Turner Padget Graham & Laney P.A., of Columbia, for Defendant.

Steve A. Matthews, Haynsworth Sinkler Boyd, P.A., of Columbia; Victor E. Schwartz, Cary Silverman, and Phil Goldberg, Shook Hardy & Bacon LLP, of Washington, D.C., all for amicus curiae the Alliance of Automobile Manufacturers, Inc.

Gray Thomas Culbreath and Jessica Ann Waller, Gallivan White & Boyd, P.A., of Columbia, for amicus curiae the Product Liability Advisory Counsel, Inc.

Frank L. Eppes, Eppes & Plumblee, P.A., of Greenville, for amicus curiae the South Carolina Association for Justice.

_____

**JUSTICE FEW:** Responding to two questions certified to us by the United States Court of Appeals for the Fourth Circuit, we hold traditional principles of proximate cause govern whether a personal representative has a valid claim for wrongful death from suicide, and comparative negligence does not apply to a plaintiff's non-tortious actions that enhance his injuries in a crashworthiness case.

## I.        Facts and Procedural History

John Harley Wickersham Jr. was seriously injured in an automobile accident. After months of severe pain from the injuries he received in the accident, he committed suicide. *See Wickersham v. Ford Motor Co.*, 194 F. Supp. 3d 434, 435-37 (D.S.C. 2016) (a complete explanation of the facts of this case). His widow filed lawsuits for wrongful death, survival, and loss of consortium against Ford Motor Company in state circuit court. She alleged that defects in the airbag system in Mr. Wickersham's Ford Escape enhanced his injuries, increasing the severity of his pain, which in turn proximately caused his suicide. She included causes of action for negligence, strict liability, and breach of warranty.

Ford removed the cases to the United States District Court for the District of South Carolina. Ford then filed a motion for summary judgment in the wrongful death suit, arguing Mrs. Wickersham has no wrongful death claim under South Carolina law because Mr. Wickersham's suicide was an intervening act that could not be proximately caused by a defective airbag. The district court denied Ford's motion. 194 F. Supp. 3d at 448. The court ruled Mrs. Wickersham could prevail on the wrongful death claim if she proved the enhanced injuries Mr. Wickersham sustained

in the accident as a result of the defective airbag caused severe pain that led to an "uncontrollable impulse" to commit suicide. Ford renewed the motion during and after trial, but the district court denied both motions.

During trial, the parties disputed the cause of Mr. Wickersham's enhanced injuries. Mrs. Wickersham alleged the defective airbag caused them, while Ford argued Mr. Wickersham caused his enhanced injuries by being out of his proper seating position.

The jury returned a verdict for Mrs. Wickersham on all claims. The jury found the airbag was defective and proximately caused Mr. Wickersham's enhanced injuries and suicide. However, the jury also found Mr. Wickersham's actions in being out of position enhanced his injuries, and found his share of the fault was thirty percent. The district court entered judgment for Mrs. Wickersham, but denied Ford's request to reduce the damages based on Mr. Wickersham's fault. Ford filed motions to alter or amend the judgment, for judgment as a matter of law, and for a new trial, all of which the district court denied.

Ford appealed, and the Fourth Circuit certified the following questions to this Court.

> 1. Does South Carolina recognize an "uncontrollable impulse" exception to the general rule that suicide breaks the causal chain for wrongful death claims? If so, what is the plaintiff required to prove is foreseeable to satisfy causation under this exception—any injury, the uncontrollable impulse, or the suicide?
>
> 2. Does comparative negligence in causing enhanced injuries apply in a crashworthiness case when the plaintiff alleges claims of strict liability and breach of warranty and is seeking damages related only to the plaintiff's enhanced injuries?

We issued an opinion on July 24, 2019 answering both questions. *Wickersham v. Ford Motor Co.*, Op. No. 27904 (S.C. Sup. Ct. filed July 24, 2019) (Shearouse Adv. Sh. No. 30 at 55). Mrs. Wickersham filed a petition for rehearing addressing only our answer to the second question. We granted rehearing, and now revise our answer. Our answer to the first question is unchanged.

## II. Recovery for Wrongful Death from Suicide

In its order of certification, the Fourth Circuit acknowledged this Court might restate the certified questions. In answering the first question, we find it necessary to do so.

South Carolina does not recognize a general rule that suicide is an intervening act which breaks the chain of causation and categorically precludes recovery in wrongful death actions. Rather, our courts have applied traditional principles of proximate cause to individual factual situations when considering whether a personal representative has a valid claim for wrongful death from suicide.

In *Scott v. Greenville Pharmacy*, 212 S.C. 485, 48 S.E.2d 324 (1948), we stated,

> In every case of this character the inquiry is: Was the injury a natural and probable consequence of the wrongful act, and ought it to have been foreseen in the light of the attendant circumstances? In this case the deceased took his own life by hanging. Can it be reasonably said that his tragic end was a natural and probable consequence of the sale to him of the barbiturate capsules, and should it have been foreseen in the normal course of events?

212 S.C. at 493-94, 48 S.E.2d at 328. In *Scott*, the plaintiff brought a wrongful death action against a pharmacy, claiming her husband committed suicide after becoming addicted to barbiturate capsules the pharmacy sold him in violation of state law. 212 S.C. at 487-88, 48 S.E.2d at 325. The circuit court dismissed the case. 212 S.C. at 487, 48 S.E.2d at 325. On appeal, we found "it would be going entirely too far . . . to hold that the unlawful sale of the barbiturate capsules brought about a condition of suicidal mania as the natural and probable consequence of the sale, or that this result should have been reasonably foreseen by the respondent." 212 S.C. at 495, 48 S.E.2d at 328.

Likewise, in *Horne v. Beason*, 285 S.C. 518, 331 S.E.2d 342 (1985), this Court affirmed the dismissal of a wrongful death action brought by the estate of Horne, a seventeen-year-old who hung himself with a cloth bathrobe belt tied to overhead bars in his jail cell shortly after being arrested. 285 S.C. at 521-22, 331 S.E.2d at 344-45. We explained, "Foreseeability is often a jury issue but not here." 285 S.C. at 522, 331 S.E.2d at 345. We applied standard proximate cause principles and found the defendants could not be expected to foresee that Horne would hang

himself.  285 S.C. at 521-22, 331 S.E.2d at 344-45.  We specifically addressed the unique facts of the case, stating "the presence of overhead bars is of no real significance" and there are "few things more unlike a dangerous instrumentality than a bathrobe belt."  285 S.C. at 521-22, 331 S.E.2d at 345.  We concluded, "Under the circumstances, none of the defendants should have been expected to foresee that Horne would likely commit suicide."  285 S.C. at 522, 331 S.E.2d at 345.[1]

As *Scott* and *Horne* illustrate, South Carolina courts apply traditional proximate cause principles in analyzing whether a particular plaintiff can recover for wrongful death from suicide.  "Each case must be decided largely on the special facts belonging to it."  *Scott*, 212 S.C. at 494, 48 S.E.2d at 328.  *See* Alex B. Long, *Abolishing the Suicide Rule*, 113 NW. U. L. Rev. 767 (2019) (discussing the "trend among court decisions away from singling out suicide cases for special treatment and toward an analytical framework that more closely follows traditional tort law principles").  Thus, we restate the first question as asking us to explain how our standard proximate cause analysis applies to an alleged wrongful death from suicide.

Proximate cause requires proof of cause-in-fact and legal cause.  *Baggerly v. CSX Transp., Inc.*, 370 S.C. 362, 369, 635 S.E.2d 97, 101 (2006).  In causation, as in other contexts, "proximate" is the opposite of "remote."  *See Stone v. Bethea*, 251 S.C. 157, 162, 161 S.E.2d 171, 173 (1968) ("When the [conduct] appears merely to have brought about a condition of affairs, or a situation in which another and entirely independent and efficient agency intervenes to cause the injury, the latter is to be deemed the direct or proximate cause, and the former only the indirect or remote cause.").  The cause-in-fact and legal cause elements are designed to enable courts and juries to differentiate between proximate and remote causes in a reliable manner.

As to legal cause, "foreseeability is considered 'the touchstone . . . ,' and it is determined by looking to the natural and probable consequences of the defendant's act or omission."  *Baggerly*, 370 S.C. at 369, 635 S.E.2d at 101 (quoting *Koester v. Carolina Rental Ctr., Inc.*, 313 S.C. 490, 493, 443 S.E.2d 392, 394 (1994)).  In most cases, foreseeability ends up being addressed as a question of fact for the jury.  *Oliver*

---

[1] *Cf. Hearn v. Lancaster Cty.*, 566 F. App'x 231, 236 (4th Cir. 2014) (explaining that because of qualified immunity, the personal representative of an inmate who committed suicide in jail may recover from a governmental entity or employee only if the representative meets the "deliberate indifference" standard "that is generally only satisfied by government conduct that shocks the conscience" (citing *Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004))).

*v. S.C. Dep't of Highways & Pub. Transp.*, 309 S.C. 313, 317, 422 S.E.2d 128, 131 (1992). In the first instance, however, legal cause is just what its name suggests—a question of law. "[W]hen the evidence is susceptible to only one inference . . . [legal cause] become[s] a matter of law for the court." *Id.* (citing *Matthews v. Porter*, 239 S.C. 620, 625, 124 S.E.2d 321, 323 (1962)); *see also Gause v. Smithers*, 403 S.C. 140, 150, 742 S.E.2d 644, 649 (2013) (discussing foreseeability, and stating "in rare or exceptional cases . . . the issue of proximate cause [may] be decided as a matter of law" (quoting *Bailey v. Segars*, 346 S.C. 359, 367, 550 S.E.2d 910, 914 (Ct. App. 2001))).

In cases involving wrongful death from suicide, our courts have consistently decided legal cause as a matter of law. *See Horne*, 285 S.C. at 522, 331 S.E.2d at 345 (finding as a matter of law the suicide was not foreseeable); *Scott*, 212 S.C. at 495, 48 S.E.2d at 328 (same); *Crolley v. Hutchins*, 300 S.C. 355, 357-58, 387 S.E.2d 716, 718 (Ct. App. 1989) (same). Therefore, whether a suicide is a foreseeable consequence of tortious conduct is first a question of law for a court to decide. If a court determines a particular suicide is not unforeseeable as a matter of law, legal cause—foreseeability—becomes a question for the jury.

A plaintiff must also prove cause-in-fact. "Causation in fact is proved by establishing the plaintiff's injury would not have occurred 'but for' the defendant's negligence." *Hurd v. Williamsburg Cty.*, 363 S.C. 421, 428, 611 S.E.2d 488, 492 (2005) (citing *Oliver*, 309 S.C. at 316, 422 S.E.2d at 130). This is a difficult burden in claims for wrongful death from suicide. For instance, proving causation-in-fact in this case required Mrs. Wickersham to prove the following sequence of causal events: Ford's defective design of the airbag enhanced Mr. Wickersham's injuries, which in turn caused him to suffer severe pain he would not otherwise have had, which in turn caused him to experience an uncontrollable impulse to commit suicide, which in turn caused him to take his own life involuntarily, which he would not have done but for Ford's defective design.

We answer the Fourth Circuit's first certified question as follows:

> South Carolina does not recognize a general rule that suicide is an intervening act that always breaks the chain of causation in a wrongful death action. Rather, our courts apply traditional principles of proximate cause. First, the court must decide as a matter of law whether the suicide was unforeseeable. If the court determines the suicide was not unforeseeable as a matter of law, the jury must

consider foreseeability. The jury must also consider causation-in-fact, including whether the defendant's tortious conduct caused a decedent to suffer from an involuntary and uncontrollable impulse to commit suicide.

## III. Proximate Cause of Enhanced Injuries

In *Donze v. General Motors, LLC*, 420 S.C. 8, 800 S.E.2d 479 (2017), we addressed the following question certified to us by the United States District Court for the District of South Carolina:

> Does comparative negligence *in causing an accident* apply in a crashworthiness case when the plaintiff alleges claims of strict liability and breach of warranty and is seeking damages related only to the plaintiff's enhanced injuries?

420 S.C. at 11, 800 S.E.2d at 480 (emphasis added). We answered the certified question "no" and held "comparative negligence does not apply to permit the negligence of another party—whether the plaintiff or another defendant—*in causing an initial collision* to reduce the liability of a manufacturer for enhanced injuries in a crashworthiness case." 420 S.C. at 20, 800 S.E.2d at 485 (emphasis added). In reaching our decision, we adopted the reasoning of *Jimenez v. Chrysler Corp.*, 74 F. Supp. 2d 548 (D.S.C. 1999), *rev'd in part on other grounds*, 269 F.3d 439 (4th Cir. 2001), in which the district court explained "the alleged negligence causing the collision is legally remote from, and thus not the legal cause of, the enhanced injury caused by a defective part that was supposed to be designed to protect in case of a collision." 420 S.C. at 18, 800 S.E.2d at 484 (quoting *Jimenez*, 74 F. Supp. 2d at 566). Therefore, we held, "[b]ecause a collision is presumed, and enhanced injury is foreseeable as a result of the design defect, the triggering factor of the accident is simply irrelevant." *Id*. (quoting *Jimenez*, 74 F. Supp. 2d at 566).

In this case, the Fourth Circuit asks a different question. We are now asked whether comparative negligence—which is normally thought of as a defense[2]—applies in a strict liability or breach of warranty case when the plaintiff's conduct (1) is not

---

[2] *See Donze*, 420 S.C. at 10, 800 S.E.2d at 480 (stating "the defense of comparative negligence does not apply in crashworthiness cases").

tortious conduct and is not misuse;[3] and (2) relates only to the enhancement of the injuries, not to the cause of the accident. As asked, the answer is "no."

In our original opinion, we restated the question, explaining, "We address the question as one of proximate cause." *Wickersham*, (Shearouse Adv. Sh. No. 30 at 62). Mrs. Wickersham argues in her petition for rehearing the Fourth Circuit's question is not about proximate cause. We do not agree. Ford alleged Mr. Wickersham was out of his seating position when the airbag deployed, but Ford made no argument he was "negligent" in being so or that his being so constituted misuse. Likewise, the district court did not charge the jury on any standard— negligence, misuse, or otherwise—by which the jury may judge whether Mr. Wickersham was at "fault." Therefore, in this case, the "defense" of comparative negligence or fault is simply not relevant.

Proximate cause, however, is relevant. Ford argued Mr. Wickersham was out of position by leaning into the passenger seat when the airbag deployed, and Mr. Wickersham being out of position was a proximate cause of the enhancement of his injuries. Whether Mr. Wickersham's being out of position can be a proximate cause of his enhanced injuries is a valid and relevant question. We anticipated this question in *Donze*. *See* 420 S.C. at 20 n.4, 800 S.E.2d at 485 n.4 (noting our ruling applied only to a plaintiff's fault "in causing the collision," and leaving open the possibility a plaintiff's conduct independent of the initial collision—such as "'tying a door shut for example'"—could reduce a plaintiff's recovery for his enhanced injuries (quoting *Jimenez*, 74 F. Supp. 2d at 566 n.11)); *see also* 420 S.C. at 24-25, 800 S.E.2d at 488 (Kittredge, J., concurring) ("I would limit the holding to true crashworthiness cases where it is established as a matter of law that the plaintiff's comparative fault was not a proximate cause of the 'enhanced injuries.'").

We are concerned that our "no" answer to the Fourth Circuit's second question may lead to confusion on how to address causation of enhanced injuries in the crashworthiness context. Because of this concern, we supplement our answer. We address what we believe is the issue the district court struggled to frame as a jury question: whether a plaintiff's actions that cause only the enhancement of his injuries—not the accident itself—may be proximate, or are they necessarily legally remote as in *Donze*, and therefore irrelevant. We hold a plaintiff's actions that do

---

[3] *See* S.C. Code Ann. § 15-73-20 (2005) ("If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery.").

not cause the accident, but are nevertheless a contributing cause to the enhancement of his injuries, are not necessarily a legally remote cause.[4]

Under *Donze*, any fault Mr. Wickersham may have had in causing the accident is a legally remote cause, and thus irrelevant. In this case, the jury found Mr. Wickersham was thirty percent at fault for enhancing his injuries. We hold, however, Mr. Wickersham's non-tortious actions that were not misuse are not relevant to Ford's liability for enhancement of his injuries in terms of the defense of comparative negligence or fault.

**CERTIFIED QUESTIONS ANSWERED.**

**KITTREDGE, HEARN and JAMES, JJ., concur. BEATTY, C.J., concurring in result only.**

---

[4] It bears mentioning here that there can be more than one proximate cause of an injury. *Matthews*, 239 S.C. at 627, 124 S.E.2d at 325.