20679

John P. DUANE, Respondent, v. PRESLEY CONSTRUCTION COM-
PANY, INC., Appellant, and W. H. Burkhalter, Ira J. Beaufort,
and Edward W. King, d/b/a Riverside Builders, and Berry Con-
struction Company, Respondents.

(244 S. E. (2d) 509)

*R. Davis Howser,* of *Richardson, Plowden, Grier &
Howser,* Columbia, *for appellant.*

*George B. Snelling, Jr.,* of Augusta, Ga., *for respondent
Duane.*

*William H. Burkhalter, Jr.,* of *Garvin, Grant, Fox,
Nuessle, Zier & Burkhalter,* North Augusta, *for respondent
W. H. Burkhalter, Ira J. Beaufort, and Edward W. King,
d/b/a Riverside Builders.*

*Julian B. Salley, Jr.,* of *Henderson, Salley, Lynn & Farmer,* Aiken, *for respondnets W. H. Burkhalter, et al.*

*Kenneth R. Chance,* of *Harris, Chance & McCracken,* Augusta, Ga., *for respondent Berry Construction Co.*

May 9, 1978.

NESS, Justice.

This appeal is from an order granting summary judgment to respondent Riverside Builders. We reverse.

John P. Duane brought suit against Riverside Builders, seeking $20,000.00 damages for alleged water concentration and silting upon his property caused by Riverside's development of the adjacent Brookgreen Subdivision. Appellant Presley Construction Company, Inc., an independent contractor who had cleared and improved the land, was joined in the suit as an additional defendant.

Riverside moved for summary judgment upon the ground that if the clearing of the land in Brookgreen Subdivision resulted in any damage to the adjoining property, the independent contractor was responsible.

Appellant Presley asserts the trial court erred in granting Riverside's motion as a genuine issue of material fact existed whether Riverside, as a developer, was liable for any resulting damages to an adjoining landowner. We agree.

The trial court focused on the manner of making the improvements and concluded that if they were negligently made, the independent contractor rather than the developer-owner was liable. This leaves unresolved the question of whether Riverside was negligent in ordering the improvements.

Generally, an employer is not liable for the torts of an independent contractor committed in the performance of contracted work. *Conlin v. City Council of Charleston,* 15 Rich. 201 (1868) ; 41 Am. Jur. (2d), Inde-

pendent Contractors, § 24, p. 774. The owner is responsible, however, if the injury is caused by his own negligence in failing to take preventive measures. *Davis v. Summerfield,* 133 N. C. 325, 45 S. E. 654 (1903), cited with approval in *Allison et al. v. Ideal Laundry & Cleaners et al.,* 215 S. C. 344, 55 S. E. (2d) 281 (1949), and *Alexander et al. v. Seaboard Air Line R. Co.,* 221 S. C. 477, 71 S. E. (2d) 299 (1952). As stated in 1 Am. Jur. (2d), Adjoining Landowners, § 27, p. 709:

"[A] landowner has an affirmative duty not to permit his land to remain in an altered state if such altered state creates a condition the natural and foreseeable result of which will result in injury to the adjoining property; the breach of this duty constitutes actionable negligence . . .. He cannot fill up his own lot in such a manner as to let the earth pass or slide over his line onto the lot of his neighbor."

The Brookgreen Subdivision is bowl-shaped with a stream flowing through it down to a pond on which Duane lives. If the washing of silt into the pond was foreseeable, Riverside may be liable for ordering the improvements without taking proper precautions.

Summary judgment should not be granted where genuine issues of material fact exist. *Thevenot v. Commercial Travelers Mutual Accident Association of America,* 259 S. C. 235, 191 S. E. (2d) 251 (1972). We reverse and remand for resolution of the question of Riverside's negligence.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.