1950

Dwight KOESTER, Appellant v. CAROLINA RENTAL CENTER, INC., Respondent.

(427 S.E. (2d) 708)

Court of Appeals

*Mary B. Webb*, Charleston, *for appellant.*

*Robert H. Hood, John K. Blincow, Jr., Joseph C. Wilson, IV*, Charleston, *for respondent.*

Heard Dec. 1, 1992; Decided Feb. 16, 1993.

Reh. Den. March 18, 1993.

GARDNER, Judge:

This is a products liability case. Dwight Koester (Koester) sued Carolina Rental Center (Carolina Rental) for negligence, breach of warranty, and strict liability. Koester was injured when he fell out of a tree while using equipment rented from Carolina Rental. The trial judge granted summary judgment in favor of Carolina Rental. Koester appeals. We affirm.

## FACTS

The record reflects the following facts. The equipment rented by Koester consisted of leg attachments with gaffs or spikes for sticking in the tree and a belt or harness which went around the waist and hooked in the front attaching a seat. A safety strap, rope, or lanyard to go around the tree was not rented as part of the equipment. Carolina Rental did not rent the strap that went around the tree because the straps would fray or get torn, and could break, injuring the user and possibly provoking a lawsuit against it.

Koester was inexperienced at tree climbing and had never before rented equipment for that purpose. Although there is conflicting testimony, Koester claims that he did not receive any oral or written instructions when he rented the equipment. When he used the equipment, Koester attached his own rope to go around the tree. A few minutes after he tied the knot to attach the rope to the harness, the knot became untied and he fell approximately forty feet to the ground.

## ISSUES

Koester argues that a jury could have found that: 1) the equipment was unreasonably dangerous and defective under strict liability because it was rented to an inexperienced user with no instructions or warnings as to its potential danger; 2) Carolina Rental was negligent for renting incomplete tree climbing equipment; 3) he was not contributorily negligent in attempting to use the equipment as rented; and 4) he did not voluntarily assume a known risk in using the equipment.

## DISCUSSION

Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. In ruling on a motion for summary judgment, the evidence and the inferences should be viewed in the light most favorable to the nonmoving party. *Cafe Assoc., Ltd. v. Gerngross,* 305 S.C. 6, 406 S.E. (2d) 162 (1991).

"In a products liability case the Plaintiff must establish three things, *regardless of the theory on which he seeks recovery:* 1) that he was injured by the product; 2) that the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant; and 3) that the injury occurred because the product was in a defective condition unreasonably dangerous to the user." *Madden v. Cox,* 284 S.C. 574, 579, 328 S.E. (2d) 108, 112 (Ct. App. 1985) *citing* Prosser, Law of Torts 671-72 (4th ed. 1970). *See also* S.C. Code Ann. § 15-73-10 (1976). (South Carolina's strict liability statute.)

The record reflects the following testimony:

Q. Was there anything wrong with the spikes, the gaffs that attached to your legs that caused you to fall, I mean, your feet didn't slip?

A. (Koester) No.

Q. Was there anything about the harness that didn't work like it was supposed to?

A. No.

Q. And the only part about the rope that didn't work was the knot?

A. Right.

Q. And that was the knot you tied?

A. Right. . . .

Q. And there is no question that the knot coming loose is what caused the fall; is that right?

A. That's what happened.

This is the only evidence of record regarding the cause of Koester's injuries. From this testimony it is clear that, as a matter of law, the proximate cause of Koester's injury was the slipping of the knot which he himself tied.[1] Therefore, we hold that there is no genuine issue of material fact as to the proximate cause of the injury Koester suffered.

■ Koester contends that the equipment was unreasonably dangerous and defective under strict liability because it was rented to an inexperienced user with no warnings as to its potential danger. We note that this contention is a hybrid of the law of strict liability and the law of negligence.

As to strict liability, Koester is statutorily barred under the facts of this case. S.C. Code Ann. § 15-73-20 (1976) provides:

### § 15-73-20. Situation in which recovery shall be barred.

If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery.

We hold as a matter of law that Koester knew that the

---

[1] The absence of proximate cause between Koester's injury and the equipment negates both the negligence and liability causes of action.

rented equipment was not complete because there was no safety strap, rope, or lanyard rented with the equipment. The failure to provide such a strap, rope, or lanyard is the specification that Koester alleges as a "defective condition unreasonably dangerous to the user or consumer." Koester discovered the alleged defective and unreasonably dangerous condition and improvised a method of using the rented equipment, i.e., he provided a rope and tied a knot. Koester, therefore, discovered the defect and was aware of the danger, but nevertheless proceeded unreasonably to climb the tree using the equipment. We, accordingly, hold that S.C. Code Ann. § 15-73-20 (1976) is applicable and a complete defense to liability under the theory of strict liability as prescribed by S.C. Code Ann. § 15-73-10 (1976).

Additionally, Koester alleges that Carolina Rental failed to warn him about the potential danger associated with using the equipment. "[A] seller is not required to warn with respect to products . . . when the danger, or potentiality of danger, is generally known and recognized." Restatement (Second) of Torts § 402A cmt. (j) (1986). We hold that this rule is particularly applicable when it readily appears to a plaintiff of ordinary intelligence exercising the care of an ordinarily prudent person that there is an obvious danger in the use of the product as contemplated by the plaintiff, Koester.

In this case Koester was not an experienced tree climber. He knew that he had improvised with his rope and the tying of the knots therein. We hold, as a matter of law, that an ordinarily prudent man under these circumstances would recognize the patent danger in climbing forty feet up into a tree. We, accordingly, hold that under the circumstances of this case, Carolina Rental did not breach its duty when it did not warn Koester of the danger in tying an improper knot to fasten a rope to the equipment.

For the foregoing reasons, we affirm.

Affirmed.

GOOLSBY, J., AND LITTLEJOHN, Acting J., concur.