2066

Lawrence J. DEMA and Patricia J. Dema, Appellants v. SHORE ENTER-PRISES, LTD., Anthony Razinni, Bradley Rudisill, Howard C. Parker, d/b/a Aqua-Cycle International; Surfside Water Sports, Inc.; Town of Hilton Head Island, A Body Politic; Carlisle J. McNair; and Sailing, Inc., Defendants, of whom Howard Parker, d/b/a Aqua-Cycle International, and the Town of Hilton Head Island, South Carolina, A Body Politic, are Respondents.

(435 S.E. (2d) 875)

Court of Appeals

*Thomas C. Taylor,* of *Bethea, Jordan & Griffin,* Hilton Head Island, *for appellants.*

*C. Scott Graber,* of *Graber & Baldwin;* and *Stephen P. Hughes,* of *Howell, Gibson & Hughes,* Beaufort, *for respondents.*

Submitted June 7, 1993.

Decided Aug. 9, 1993. Reh. Den. Sept. 27, 1993.

BELL, Judge:

This is a products liability action. Lawrence J. Dema and his wife, Patricia, sued Anthony Razinni and Bradley Rudisill; Shore Enterprises, Ltd.; Carlisle J. McNair; Sailing, Inc.; Surfside Water Sports, Inc.; Howard Parker; and the Town of Hilton Head Island for injuries arising out of a collision with a recreational water vehicle known as an Aqua-Cycle. The accident occurred while Dema was body surfing at a public beach on Hilton Head Island. The circuit court granted a directed verdict to the manufacturer, Howard Parker, as to the Demas' claims for strict liability, breach of implied warranty, and negligence. It also granted a directed verdict to the Town of Hilton Head Island as to the Demas' negligence claim. The jury found in favor of all the remaining defendants, including Shore Enterprises, Ltd., which, under franchise from the

Town, rented Aqua-Cycles to the public. The Demas appeal from the directed verdicts in favor of Parker and the Town. We affirm.

## I.

The Demas argue the circuit court erred in granting a directed verdict in favor of Parker, because there was evidence from which the jury could have reasonably found that Parker sold the Aqua-Cycle in an unreasonably dangerous defective condition. The alleged defect was the absence of a warning label on the Aqua-Cycle cautioning the user to "watch out for swimmers" and to "avoid strong current, wind, or waves." The court ruled, as a matter of law, the failure to place this warning on the Aqua-Cycle was not the proximate cause of the injuries to the Demas.

In a products liability action, the plaintiff must establish the following three elements regardless of whether the theory under which he seeks to recover is strict liability, breach of warranty, or negligence: (1) that he was injured by the product; (2) that the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant; and (3) that the injury occurred because the product was in a defective condition unreasonably dangerous to the user. *Madden v. Cox*, 284 S.C. 574, 328 S.E. (2d) 108 (Ct. App. 1985). On this appeal, only the third element is in dispute.

The question presented for our decision is whether the evidence is susceptible of the reasonable inference that the Aqua-Cycle was defective. We must view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Claytor v. General Motors Corp.*, 277 S.C. 259, 286 S.E. (2d) 129 (1982).

A product is not defective for failure to warn of the obvious. *Koester v. Carolina Rental Center, Inc.*, — S.C. —, 427 S.E. (2d) 708 (Ct. App. 1993); *see Claytor, supra*. The uncontroverted evidence, including Mr. Dema's own testimony, was that, even without a written warning, users of the Aqua-Cycle would be aware, as a matter of common sense, that they should be careful around swimmers in the surf. Because it is obvious that an Aqua-Cycle can cause

injury to a swimmer, Parker did not have a duty to warn Aqua-Cycle users of that risk. *See Koeter, supra.* Therefore, we affirm the court's granting a directed verdict in favor of Parker.

## II.

The Demas also argue the circuit court erred in granting a directed verdict in favor of Hilton Head Island.

They claim there was evidence supporting a reasonable inference that the Town was negligent in allowing Aqua-Cycles to be used on the beach in the same areas as swimmers. The court granted a directed verdict on the ground there was no evidence the Town had actual notice of a defective or dangerous condition as required for liability under the South Carolina Tort Claims Act. *See* S.C. Code Ann. § 15-78-60(16) (Supp. 1992).

We need not determine whether the Town had actual notice of a dangerous condition. Rather, we affirm the circuit court's finding of no liability on other grounds appearing in the record. *See* Rule 220(c), SCACR. The Demas' complaint alleged the Town was negligent for allowing Shore Enterprises, the Town's franchisee, to rent Aqua-Cycles in swimming areas. The complaint likewise alleged Shore Enterprises was negligent for renting Aqua-Cycles in swimming areas. The jury found in favor of Shore Enterprises. Since it found Shore Enterprises was not negligent in renting Aqua-Cycles, the jury could not have found the Town liable for allowing Shore Enterprises to rent the Aqua-Cycle that Mr. Dema collided with.[1]

Affirmed.

CURETON, J., and LITTLEJOHN, Acting J., concur.

---

[1] The jury could have found Shore Enterprises negligent but relieved it of liability because Mr. Dema assumed the risk or was contributorily negligent. If so, the Town would also be shielded from liability by these affirmative defenses. *See* S.C. Code Ann. § 15-78-40 (Supp. 1992).