24048

Dwight KOESTER, Petitioner v. CAROLINA RENTAL CENTER, INC., Respondent.

(443 S.E. (2d) 392)

Supreme Court

*Allan R. Holmes,* of *Gibbs & Holmes,* Charleston, and *Mary B. Webb,* North Charleston, *for petitioner.*

*Robert H. Hood, John K. Blincow, Jr.,* and *Joseph C. Wilson, IV,* Charleston, *for respondent.*

Heard Feb. 3, 1994.

Decided Apr. 18, 1994. Reh. Den. May 18, 1994.

CHANDLER, Acting Chief Justice:

We granted Dwight Koester's (Koester) petition for writ of certiorari to review *Koester v. Carolina Rental Center, Inc.*, ___ S.C. ___, 427 S.E. (2d) 708 (Ct. App. 1993). Koester contends that the Court of Appeals erred in affirming summary judgment for Carolina Rental Center Inc. (Carolina). We agree and reverse.

## I. *Facts*

On September 7, 1986, Koester was using tree-climbing equipment rented from Carolina that consisted of spikes attached to each foot and a harness with a seat. The equipment did not include a device known as a lanyard that attaches to the harness with metal safety clips to prevent the climber form falling away from the tree. Carolina did not rent lanyards for fear of liability that might arise if a lanyard became worn and broke during use. Instead, Carolina instructed consumers to purchase a rope to use in lieu of a lanyard. No other instructions or warnings were given. Koester was using the equipment in accordance with Carolina's instructions when a knot in his makeshift rope lanyard gave way and he fell approximately fifty feet.

Koester thereafter commenced this action against Carolina for negligence, breach of warranty, and strict product liability. After answering, Carolina moved for summary judgment, asserting that the negligence cause of action failed because Koester's injuries were caused by his own negligence; that the breach of warranty action failed because there was no proof that the climbing gear was not fit for its intended use; and that the strict liability claim failed because there was no evidence that the items rented were defective. The trial judge agreed and granted summary judgment. Koester appealed and the Court of Appeals affirmed, finding that the negligence and strict liability causes of action were negated because the proximate cause of *Koester's* injuries "was the slipping of the knot which he himself tied." *Koester* at ___, 427 S.E. (2d) at 710. The Court of Appeals also held that Koester's product liability claim was barred by S.C. Code Ann. § 15-73-20 (1977). *Id.* We granted certiorari.

## II. *Discussion*

Koester first contends that the Court of Appeals erred in affirming summary judgment on the ground that his own negligence was the proximate cause of his injuries. We agree.

Summary judgment is proper only when it is clear that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), SCRCP. In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonable drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Hamilton v. Miller*, 301, S.C. 45, 47, 389 S.E. (2d) 652, 653 (1990). Even when there is no dispute as to the evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied. *Id.*

The touchstone of proximate cause in South Carolina is foreseeability. *Young v. Tide Craft*, 270 S.C. 453, 462, 242 S.E. (2d) 671, 675 (1978). Foreseeability is determined by looking to the natural and probable consequences of the act complained of. *Id.* in this case, the deposition testimony of a Carolina employee establishes that: 1) Carolina elected to rent tree-climbing equipment "to a bunch of people that don't understand that type of equipment"; 2) Carolina was aware that using a rope instead of a lanyard created a risk that a knot might fail or the rope break, and; 3) that experienced climbers would not climb without lanyards. Viewing this evidence in the light most favorable to the nonmoving party, we find it reasonably foreseeable that an inexperienced climber would be injured while using a rope in lieu of a lanyard. Accordingly, we hold that the Court of Appeals erred in finding as a matter of law that the slipping of Koester's knot was the sole proximate cause of his injuries. *See Hughes v. Children's Clinic, P.A.*, 269 S.C. 389, 237 S.E. (2d) 753 (1977) (a plaintiff need only establish that the defendant's alleged negligence was at least one of the proximate, concurring causes of his injury); *Oliver v. Dep't of Highways & Pub. Transp.*, ___ S.C. ___, 422 S.E. (2d) 128 (1992) (foreseeability is a question of fact for the jury unless the evidence is susceptible to only one inference).

Koester next contends that the Court of Appeals erred in finding that his product liability claim was barred by section 15-73-20. We agree.

Section 15-73-20 provides:

> If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery.

The plain language of section 15-73-20 requires a defendant in a product liability action to prove, among other things, that the plaintiff proceeded *unreasonably* to make use of the product. Here, Koeser attempted to use the product in the manner intended by the supplier. Under these circumstances, whether the use of the product was unreasonable is a question of fact for the jury. *See Folkens v. Hunt,* 290 S.C. 194, 348 S.E. (2d) 839 (Ct. App. 1986) (questions regarding the reasonableness of a party's conduct generally preclude summary judgment in a negligence action).

For the foregoing reasons, the opinion of the Court of Appeals is REVERSED.

FINNEY, TOAL and MOORE, JJ., and WALTER J. BRISTOW, JR., Acting Associate Justice, concur.