THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Donnie L. Williams, Jr.,       
Respondent/Appellant,
 
 
 

v.

 
 
 
Pioneer Machinery, Inc. and Blount, Inc.,       
Appellants/Respondents.
 
 
 

Appeal From Lexington County
William P. Keesley, Circuit Court Judge
J. C. Buddy Nicholson, Jr., Circuit 
 Court Judge

Unpublished Opinion No. 2004-UP-119
Heard November 4, 2003  Filed February 
 25, 2004

AFFIRMED 

 
 
 
Joel H. Smith, James T. Irvin, III, and Courtney Cooke Shytle, 
 all of Columbia, for Appellants/Respondents.
Frank Anthony Barton, of W. Columbia; and J. Marvin Mullis, 
 Jr., of Columbia, for Respondent/Appellant.
 
 
 

 PER CURIAM:  Donnie L. Williams, 
 Jr., sued Pioneer Machinery, Inc., (Pioneer), and Blount, Inc., (Blount), 
 alleging causes of action for strict tort liability, negligence, and breach 
 of express and implied warranties.  Before trial, Pioneer moved for a transfer 
 of venue from Florence County to Lexington County.  The circuit court granted 
 the motion.  Subsequently, the jury returned a verdict in favor of Pioneer and 
 Blount.  Thereafter, Williams moved for a new trial absolute based on the thirteenth 
 juror doctrine and Rule 60, South Carolina Rules of Civil Procedure.  The circuit 
 court granted Williams motion.  All of the parties appealed.  Williams appeals, 
 arguing the circuit court improperly granted Pioneers motion for change of 
 venue.  Pioneer and Blount appeal, arguing the circuit court improperly granted 
 Williams motion for a new trial absolute.  We affirm.   
FACTUAL/PROCEDURAL BACKGROUND
Williams worked for a logging company trimming 
 felled trees to be loaded onto logging trucks.  Williams was working in the 
 proximity of a Prentice 410D Loader, a piece of heavy logging equipment having 
 a boom with a grapple on the end used to pick up, move, and drop felled trees.  
 Williams was injured when his co-worker was moving a tree that fell from the 
 grapple onto Williams.  
Williams sued Pioneer, the seller of the loader 
 truck, and Blount, the manufacturer of the loader truck (collectively the Defendants), 
 in Florence County, alleging causes of action for strict tort liability, negligence, 
 and breach of express and implied warranties.  Williams maintained the 410D 
 Loader was defective because the boom obstructed the view of the operator, thereby 
 creating a blind spot.  
Before trial, the Defendants moved to transfer 
 venue from Florence County to Lexington County, arguing the convenience of the 
 witnesses and the interests of justice required the transfer.  The circuit court 
 granted the change of venue, and the case was tried in Lexington County.  
Williams introduced the testimony of an expert 
 witness who testified that visibility from the drivers seat of the loader truck 
 was limited.  However, the expert and the attorneys realized during a recess 
 that a different loader, a 410E model, had been produced by the Defendants for 
 inspection prior to trial, and the expert witness had based his opinion on a 
 410E loader truck having a different sized boom.  
When Williams counsel brought the pre-trial discovery 
 mistake to the attention of the circuit court, the court stated it would allow 
 the expert to be recalled during rebuttal after inspecting the correct loader.  
 No motion for mistrial was made or considered by the court.  
Thereafter, the correct loader model was displayed 
 for the jury to examine and to sit in the operators seat.  The trial judge 
 did not sit in the loader truck.  
In rebuttal, Williams expert noted the 
 smaller size of the 410D boom but explained that it made no difference in his 
 opinion regarding the restriction on operator visibility or the manufacturers 
 ability to reduce the risk of harm by installing a mirror.    
At the close of the trial, Williams withdrew his 
 causes of action for breach of warranties.  Furthermore, on motion for directed 
 verdict by the Defendants, the circuit court granted a directed verdict as to 
 Pioneer on the negligence cause of action.
Thereafter, the jury returned a verdict in favor 
 of the Defendants.  Williams moved the circuit court for a new trial absolute, 
 arguing the result of the trial was unjust and based upon mistake because of 
 the confusion caused by the initial testimony regarding the 410E loader.  The 
 circuit court granted Williams motion for a new trial based on both the thirteenth 
 juror doctrine and Rule 60(b), South Carolina Rules of Civil Procedure.  Both 
 Williams and the Defendants appeal. 
LAW/ANALYSIS
I.       Williams Appeal
Williams argues the circuit court erred by granting 
 Pioneers motion for change of venue.  We disagree.
The circuit court retains the sound discretion 
 to change the venue of a trial if to do so both furthers the convenience of 
 witnesses and the ends of justice.  McKissick v. J.F. Cleckley & Co., 
 325 S.C. 327, 335, 479 S.E.2d 67, 71 (Ct. App. 1996).  A circuit courts decision 
 to change venue based on these two factors will not be disturbed absent a showing 
 of manifest abuse of discretion resulting in an error of law.  Id.  
 Moreover, the error of law must be so opposed to the trial judges sound discretion 
 as to amount to a deprivation of the legal rights of the party. Id. 
 

Where a party moves for a change of venue based 
 on convenience and the ends of justice, the circuit court is charged with resolving 
 questions of fact to determine whether a change satisfies both requirements.  
 A great deal of discretion is left to the circuit court to determine whether 
 the witnesses convenience would be promoted by the change.  The question to 
 be resolved is whether convenience and justice would be promoted, not to what 
 degree.  Id.
The movant has the burden of making a 
 prima facie showing that both the convenience of the witnesses and the ends 
 of justice would be promoted by the change.  Id. (quoting Brice v. 
 State Co., 193 S.C. 137, 139-40, 7 S.E.2d 850, 851 (1940)).   Although 
 both requirements must be met, a showing of the convenience of the witnesses 
 can, depending on the facts of the case, bear on the issue of promotion of justice.  
 McKissick, 325 S.C. at 335, 479 S.E.2d at 71.
While a precise definition of the ends of justice 
 is hard to elucidate, we acknowledge that justice is promoted by having the 
 credibility of witnesses judged by jurors of the vicinage, the county in which 
 the witnesses reside. Id. at 335-36, 479 S.E.2d at 71.  
The record indicates the loader was bought from 
 Pioneer in Lexington County, the incident occurred in Lexington County, and 
 Williams, the plaintiff, is a resident of Lexington County.  
Furthermore, in support of its motion to change 
 venue, Pioneer submitted the affidavits of four potential witnesses.  The first 
 affiant, Joseph Garner Scott, the owner of Pioneer, testified he was a resident 
 of Lexington County, and as such, Lexington County was a more convenient forum 
 for him.  Additionally, he testified he was the trial representative for Pioneer 
 and was required to be present throughout the trial.  He averred that if anyone 
 would be testifying on behalf of Pioneer about the sale of the loader and the 
 subsequent maintenance and repair of the loader, it would be him.  Moreover, 
 he averred Pioneers principal place of business was in Lexington County, and 
 if any of his employees were called to testify, the majority of them lived in 
 Lexington County.  
The second affiant, Tracey Gunter, averred he is 
 the owner of the logging company Williams works for, and as such, he owns the 
 loader truck that injured Williams.  He lives and works in Lexington County.  
 Additionally, he stated that the majority of his employees work in Lexington 
 County and it would be more convenient for him if the trial were held there.  

The third affiant, Edwin ONeil Padgett, averred 
 he is a resident of Lexington County, he witnessed the accident, and it would 
 be more convenient for him if the trial were held in Lexington County.  
The fourth affiant, Dale Gleaton, averred he was 
 the operator of the loader at the time Williams was injured, and it would be 
 more convenient for him if the trial were in Lexington County. 
 [1]   
Reviewing the affidavits and testimony within the 
 record, sufficient evidence exists to support the circuit courts ruling that 
 both the convenience of the witnesses and the ends of justice would be promoted 
 by changing venue from Florence County to Lexington County.  Thus, we hold the 
 circuit court did not abuse its discretion.  See McKissick, 325 
 S.C. at 327, 479 S.E.2d at 71 (holding a circuit courts decision to change 
 venue will not be disturbed absent a showing of manifest abuse of discretion 
 amounting to a deprivation of the legal rights of a party). 
II.      The Defendants Appeal
The Defendants argue the circuit court erred by 
 granting Williams motion for a new trial absolute based on the thirteenth juror 
 doctrine.  We disagree. [2] 
The thirteenth juror doctrine permits the circuit 
 court to grant a new trial absolute when it finds the evidence does not justify 
 the verdict.  South Carolina Highway Dept v. Townsend, 265 S.C. 253, 
 258, 217 S.E.2d 778, 781 (1975).  The effect is the same as if the jury failed 
 to reach a verdict, and thus, the circuit court is not required to give any 
 reason for granting the new trial. Folkens v. Hunt, 300 S.C. 251, 254, 
 387 S.E.2d 265, 266 (1990).  Rather, assuming evidence exists to support the 
 circuit courts order, the circuit court judge . . . [, sitting as] the thirteenth 
 juror, possess[es] the veto power to the Nth degree . . .  Worrell v. South 
 Carolina Power Co., 186 S.C. 306, 313-14, 195 S.E. 638, 641 (1938).   Therefore, 
 a circuit courts order granting or denying a new trial upon the facts will 
 not be disturbed unless its decision is wholly unsupported by the evidence or 
 the conclusion reached was controlled by an error of law.  South Carolina 
 State Highway Dept v. Clarkson, 267 S.C. 121, 126, 226 S.E.2d 696, 697 
 (1976).  
The Defendants contend the circuit court erred 
 by granting a new trial absolute because the blind spot caused by the loaders 
 boom is an open and obvious danger under any view of the evidence.  Therefore, 
 they contend the circuit court was barred, as a matter of law, from sitting 
 as a thirteenth juror.
As we view the Defendants argument, it is based 
 upon an erroneous understanding of the law.  In order to recover under a strict 
 liability theory, the plaintiff must demonstrate: (1) the defendants product 
 was in a defective condition unreasonably dangerous for its intended use; (2) 
 the defect existed when the product left the defendants control; and (3) the 
 defect was the proximate cause of the injury sustained.  Bragg v. Hi-Ranger, 
 Inc., 319 S.C. 531, 539, 462 S.E.2d 321, 326 (Ct. App. 1995).
Although it is true a product cannot be deemed 
 unreasonably dangerous for failure to warn of a danger that is open and 
 obvious, [3] a balancing 
 test is generally employed to determine if a product is designed in an 
 unreasonably dangerous manner.  In that vein, the following factors are considered 
 to determine if a design defect exists:  1) the usefulness and desirability 
 of the product; 2) the cost involved for added safety; 3) the likelihood and 
 potential seriousness of the injury; and 4) the obviousness of the danger.  
 Claytor v. General Motors Corp., 227 S.C. 259, 265, 286 S.E.2d 129, 132 
 (1982).  Therefore, in South Carolina we balance the utility of the risk inherent 
 in the design of the product with the magnitude of the risk to determine the 
 reasonableness of the manufacturers action in designing the product.  Id.   

Williams complaint alleges the loader was unreasonably 
 dangerous because:  1) it was designed in an unreasonably dangerous manner; 
 and 2) the manufacturer failed to give adequate warnings.  Both the operator 
 of the loader and Williams testified they knew the loader had a blind spot at 
 the four oclock position.  Thus, at most, the Defendants have demonstrated 
 a lack of evidence to support allegations of a failure to warn.  However, 
 Williams theory of the case encompassed more than just defective warnings, 
 as it also alleged the loader was designed in an unreasonably dangerous 
 manner.  
Furthermore, nothing in the circuit courts order suggests 
 it granted the new trial solely on the theory of a failure to warn.  
 Rather, the circuit court did not specify any one basis for its grant of a new 
 trial.  Consequently, the open and obvious nature of the blind spot was, as 
 to the claim for defective design, merely one of the factors to be weighed by 
 the factfinder.  Therefore, this argument is without merit.
Next, the Defendants argue the circuit 
 court erred as a matter of law by granting the new trial absolute based on the 
 thirteenth juror doctrine because the judge did not actually sit in the loader.  
 Thus, the Defendants contend that where, as here, the judge has not viewed or 
 experienced some piece of evidence, the judge is precluded from sitting as a 
 thirteenth juror.  The Defendants predicate their argument on Townsend, 
 265 S.C. at 253, 217 S.E.2d at 778.
 In Townsend, the South Carolina Highway 
 Department (SCHD) instituted a condemnation proceeding against the defendant.  
 As part of the evidence at trial, the jury was permitted to view the property 
 the SCHD sought to condemn.  The circuit court judge did not view the property.  

Thereafter, following the jurys verdict in favor 
 of the defendant, SCHD moved for a new trial absolute or, in the alternative, 
 a new trial nisi remittitur.  The circuit court judge denied the motion for 
 a new trial absolute, stating that although he believed the jury award was excessive, 
 he was without legal authority to reduce the judgment because the jury viewed 
 the premises and he had not.
On appeal, our supreme court reversed and remanded, 
 holding the circuit court judge should view the property and then determine 
 whether the motion for new trial nisi remittitur should be granted.
 Townsend merely stands for the well-established 
 proposition the circuit court commits an error of law where it fails to exercise 
 its discretion.  Fontaine v. Peitz, 291 S.C. 536, 538, 354 S.E.2d 565, 
 566 (1987) (When the trial judge is vested with discretion, but his ruling 
 reveals no discretion was, in fact, exercised, an error of law has occurred.); 
 State v. Smith, 276 S.C. 494, 498, 280 S.E.2d 200, 202 (1981) (It is 
 apparent here the sentencing judge did not exercise any discretion but based 
 his ruling on an erroneous view of the law. It is an equal abuse of discretion 
 to refuse to exercise discretionary authority when it is warranted as it is 
 to exercise the discretion improperly.).  In the case at bar, the circuit court 
 judge granted a new trial absolute, ruling justice was not done.  Thus, the 
 circuit court exercised its discretion.  Consequently, we conclude Townsend 
 is not controlling here.
Furthermore, conflicting evidence exists within 
 the record to support the circuit courts decision.  Therefore, we hold the 
 circuit court did not err by granting a new trial based on the thirteenth juror 
 doctrine.
CONCLUSION
For the foregoing reasons, the decisions of the 
 circuit court are
AFFIRMED.
 HUFF, HOWARD, and KITTREDGE, JJ., concurring.

 
 [1] Following Gleatons 
 original affidavit, Gleaton stated in a subsequent affidavit that he would 
 not be unduly burdened or inconvenienced by traveling to Florence and he did 
 not want the trial moved on . . . [his] account.  

 
 
 [2] Because we hold the circuit court did not err by granting Williams 
 motion for a new trial absolute based on the thirteenth juror doctrine, we 
 decline to address whether the circuit court properly granted Williams motion 
 for a new trial absolute based on Rule 60, South Carolina Rules of Civil Procedure.

 
 
 [3] See Dema v. Shore Enterprises, Ltd., 312 S.C. 
 528, 530, 435 S.E.2d 875, 876 (Ct. App. 1993); Anderson v. Green Bull, 
 Inc., 322 S.C. 268, 271, 471 S.E.2d 708, 710 (Ct. App. 1996).