**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Twin Bridge Logistics, LLC n/k/a Twin Bridge Transport, LLC, Appellant,

v.

Fisher Tank Company, f/k/a Fisher Tank Company, Inc., Respondent.

Appellate Case No. 2019-001181

———————

Appeal From Lexington County
R. Keith Kelly, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-014
Submitted November 1, 2021 – Filed January 12, 2022

———————

**AFFIRMED**

———————

William H. Edwards, of Moore Bradley Myers Law Firm, of West Columbia, for Appellant.

William Joseph Moore, Jr., of Gertz & Moore, LLP, of Columbia, for Respondent.

———————

**PER CURIAM:** Twin Bridge Logistics, LLC (Twin Bridge) appeals the circuit court's grant of partial summary judgment in its action for breach of contract, promissory estoppel, unjust enrichment, conversion, negligence, and bailment for

mutual benefit against Fisher Tank Company (Fisher Tank). On appeal, Twin Bridge argues the circuit court erred in finding (1) its negligence and bailment for mutual benefit claims were barred by the statute of limitations and (2) it was not entitled to an award of interest. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The circuit court properly found Twin Bridge's negligence and bailment for mutual benefit claims were barred by the statute of limitations. *See Town of Summerville v. City of North Charleston*, 378 S.C. 107, 109, 662 S.E.2d 40, 41 (2008) ("When reviewing a grant of summary judgment, an appellate court applies the same standard used by the [circuit] court."); Rule 56(c), SCRCP ("[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); *Koester v. Carolina Rental Ctr*., 313 S.C. 490, 493, 443 S.E.2d 392, 394 (1994) ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the non-moving party."); S.C. Code Ann. § 15-3-535 (2005) (explaining that causes of action for negligence and bailment for mutual benefit "must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action"); *Young v. S.C. Dep't of Corr*., 333 S.C. 714, 720, 511 S.E.2d 413, 416 (Ct. App. 1999) ("[T]he statute of limitations is not tolled during the period of time in which a plaintiff is merely unaware of the extent of an actionable injury."); *Hubbard v. Taylor*, 339 S.C. 582, 588, 529 S.E.2d 549, 552 (Ct. App. 2000) ("The elements for a cause of action for the tort of negligence are: (1) a duty owed to the plaintiff by the defendant, (2) a breach of that duty by the defendant, and (3) damages proximately resulting from the breach of duty."); *Shoreland Freezers, Inc. v. Textile Ice & Fuel Co*., 241 S.C. 537, 540-41, 129 S.E.2d 424, 425 (1963) ("[L]iability of a bailee under a bailment for mutual benefit arises upon a showing that (1) the goods were delivered to the bailee in good condition, (2) they were lost or returned in a damaged condition, and (3) the loss or damage to the goods was due to the failure of the bailee to exercise ordinary care in the safekeeping of the property."). The pleadings, affidavits, depositions, and admissions on file indicate it was undisputed Twin Bridge's trailer was stolen from Fisher Tank's premises; Twin Bridge learned of the theft on November 10, 2009; and Twin Bridge filed its negligence and bailment for mutual benefit claims seeking relief for the theft on July 2, 2014. Accordingly, the circuit court properly found Twin Bridge's actions for negligence and bailment for mutual benefit

accrued on November 10, 2009, and were therefore barred by the statute of limitations.

2.  The circuit court properly found Twin Bridge was not entitled to an award of interest.  *See Butler Contracting, Inc. v. Ct. St., LLC*, 369 S.C. 121, 133, 631 S.E.2d 252, 259 (2006) ("Prejudgment interest is not allowed on an unliquidated claim in the absence of an agreement or statute.").  The pleadings, affidavits, depositions, and admissions on file indicate it was undisputed there was no written agreement in which Fisher Tank agreed to pay interest on any sums owed to Twin Bridge.  Accordingly, the circuit court properly found that Twin Bridge was not entitled to an award of interest.  To the extent Twin Bridge argues the circuit court erred in finding it was not entitled to an award of statutory interest or to interest as a measure of its damages for its conversion claim, these issues are unpreserved for our review.  *See S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) ("There are four basic requirements to preserving issues at trial for appellate review.  The issue must have been (1) raised to and ruled upon by the [circuit] court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the [circuit] court with sufficient specificity." (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))).

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.