# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Lucinda Ruh, Plaintiff,

v.

Metal Recycling Services, LLC, Defendant.

Appellate Case No. 2022-000094

---

## CERTIFIED QUESTION

---

## ON CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

---

Opinion No. 28163
Heard September 13, 2022 – Filed June 21, 2023

---

## CERTIFIED QUESTION ANSWERED

---

James David George Jr., Graham L. Newman, and Mark D. Chappell, of Chappell, Smith & Arden, of Columbia, for Plaintiff.

Christopher A. Ogiba of Moore & Van Allen PLLC, of Charleston, and Scott M. Tyler of Moore & Van Allen PLLC, of Charlotte, NC, both for Defendant.

Robert Daniel Moseley Jr. and Robert Charles Rogers of Mosely Marcinak Law Group LLP, of Taylors, for Amici Curiae South Carolina Chamber of Commerce and the South Carolina Trucking Association, Inc.

Whitney B. Harrison, of McGowan, Hood, Felder, & Phillips, LLC, of Columbia, for Amicus Curiae South Carolina Association for Justice.

_____

**JUSTICE FEW:** The United States Court of Appeals for the Fourth Circuit certified the following question to this Court pursuant to Rule 244 of the South Carolina Appellate Court Rules:

> Under South Carolina law, can an employer be subject to liability for harm caused by the negligent selection of an independent contractor?

We answer the certified question:

> Yes, the principal[1] in an independent contractor relationship may be subject to liability for physical harm proximately caused by the principal's own negligence in selecting the independent contractor.

## I.      Background

Metal Recycling Services, LLC, hired an independent contractor—Norris Trucking1, LLC—to transport scrap metal.  A truck driver employed by Norris Trucking hit the car Lucinda Ruh was driving and injured her.  Ruh sued Metal

_____

[1] The term "employer" suggests an employer-employee relationship.  In such a relationship, the employer—even if not itself negligent—may be vicariously liable for the negligence of its employee. *James v. Kelly Trucking Co.*, 377 S.C. 628, 631, 661 S.E.2d 329, 330 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 128-131, 133 S.E. 205, 207-08 (1926)).  As we explain, one who retains an independent contractor is not vicariously liable for the contractor's negligence.  This Court in previous opinions, the Fourth Circuit in the certified question, and the American Law Institute in Section 411 of the Restatement (Second) of Torts have all used the term "employer" to describe one who hires an independent contractor.  To avoid any confusion between these different relationships and whether they give rise to vicarious liability, we believe the better term for an "employer" in an independent contractor relationship is "principal."

Recycling Services and its parent company, Nucor Corporation, in state court. The defendants removed the case to the United States District Court for the District of South Carolina. The district court granted the defendants' motion to dismiss, finding Ruh did not allege an employer-employee relationship between the defendants and Norris Trucking or its driver, nor did she otherwise allege any basis on which the defendants could be liable for the negligence of their independent contractor. *Ruh v. Metal Recycling Servs., LLC*, 436 F. Supp. 3d 844, 852 (D.S.C. 2020). The district court delayed entry of judgment to allow Ruh to seek leave to amend her complaint. *Id.* Ruh then filed a motion to amend her complaint to add a claim that Metal Recycling Services itself was negligent in selecting Norris Trucking to transport the scrap metal. The district court denied the motion to amend and dismissed the complaint. *Ruh v. Metal Recycling Servs., LLC*, No. 0:19-CV-03229-CMC, 2020 WL 1303136, at *2-3 (D.S.C. Mar. 19, 2020). Ruh appealed to the United States Court of Appeals for the Fourth Circuit, which certified the question to this Court.

## II.     Analysis

We begin by affirming the "general rule" that a principal "is not vicariously liable for the negligent acts of an independent contractor." *Rock Hill Tel. Co. v. Globe Commc'ns, Inc.*, 363 S.C. 385, 390, 611 S.E.2d 235, 238 (2005); *see also Duane v. Presley Const. Co.*, 270 S.C. 682, 683, 244 S.E.2d 509, 510 (1978) (stating "an employer is not liable for the torts of an independent contractor committed in the performance of contracted work" (citing *Conlin v. City Council of Charleston*, 49 S.C.L. (15 Rich.) 201, 211 (1868))); *Caldwell v. Carroll*, 139 S.C. 163, 187, 137 S.E. 444, 452 (1927) (Cothran, J., dissenting from dismissal of petition for rehearing) ("In every clime, under every judicial sky, it has been the settled law that the proprietor of any kind of property to be constructed or improved is not liable in damages for the negligent act of an independent contractor . . . ."). Ruh's claim in her proposed Amended Complaint, however, is not based on the allegation that Norris Trucking—the contractor—was negligent. Rather, her claim is based on the allegation that Metal Recycling Services—the principal—was negligent in selecting Norris Trucking to perform the work. Thus, nothing we say in this opinion affects the general rule that a principal is not liable for the negligence of its independent contractor.

On this issue—the negligence of the independent contractor—there is one point we must make clear. In most of these cases, the plaintiff contends the independent contractor has committed a negligent act, and thus, will also be a defendant. In this case, for example, Ruh brought a separate claim against Norris Trucking and its driver for the driver's negligence in causing her injuries. In most cases in which

the plaintiff sues the contractor *and* the principal—this case included—the plaintiff's theory is the contractor's negligence was one proximate cause of the injury, but also, the principal's negligent failure to select a competent and careful contractor was another proximate cause of the injury. *See generally J.T. Baggerly v. CSX Transp., Inc.*, 370 S.C. 362, 369, 635 S.E.2d 97, 101 (2006) (recognizing there may be more than one proximate cause of any injury); *Culbertson v. Johnson Motor Lines, Inc.*, 226 S.C. 13, 23, 83 S.E.2d 338, 342-43 (1954) (same). To be clear, however, proving the negligence of the independent contractor will not result in the liability of the principal. Under our decision today, there can be no recovery against the principal unless the plaintiff separately proves the negligence *of the principal* in selecting that particular independent contractor and that the principal's negligence was a proximate cause of the alleged injuries.

The question of whether the principal in an independent-contractor relationship can be held liable for its *own negligence* in selecting a particular contractor has never been squarely before this Court. We view our "yes" answer to the question, however, as a straightforward application of the defining principles of tort law in this State, and we believe our answer should come as no surprise to even a casual student of the law. *See Fitzer v. Greater Greenville S.C. Young Men's Christian Ass'n*, 277 S.C. 1, 3, 282 S.E.2d 230, 231 (1981) ("lay[ing] this anachronism [of charitable immunity] to rest" and stating, "There is no tenet more fundamental in our law than liability follows the tortious wrongdoer."), *superseded in part by statute*, Act. No. 461, 1994 S.C. Acts 4963.[2] In fact, our predecessor Court—the Court of Appeals for the Courts of Law and Equity[3]—anticipated today's ruling over 150 years ago.

---

[2] *See also Langley v. Boyter*, 284 S.C. 162, 183, 325 S.E.2d 550, 562 (Ct. App. 1984) (discussing "the basic premise of our fault system" is that a defendant "who is at fault in causing an accident" should not be allowed "to escape bearing any of its cost"), *opinion quashed*, 286 S.C. 85, 332 S.E.2d 100 (1985), *reasoning later adopted in*, *Nelson v. Concrete Supply Co.*, 303 S.C. 243, 399 S.E.2d 783 (1991); Ralph C. McCullough II & Gerald M. Finkel, *A Guide to South Carolina Torts IV* 2 (1st ed. 1995) ("The central theme underlying the whole of tort law is the idea that the tortfeasor . . . is usually held responsible . . . because he has departed from a reasonable standard of care.").

[3] The Supreme Court of South Carolina was not created until the adoption of the 1868 Constitution. *See* S.C. Const. of 1868 art. IV, §§ 1-5. From 1859 to 1868, appeals from trial courts were heard by the Court of Appeals for the Courts of Law and Equity, created by statute. *See* Act No. 4438, 12 Statutes of S.C. 647 (1859) ("*Be it enacted* by the Senate and House of Representatives, now met and sitting in

*See Conlin*, 49 S.C.L. at 211 (predicting that "under suitable allegations the owner might be made responsible for the misconduct or negligence of a contractor known to be unworthy of trust").[4]  As the Fourth Circuit noted in its certification order to this Court, "every other state in the Fourth Circuit has . . . recognized a duty to hire a competent independent contractor." *Ruh v. Metal Recycling Servs., LLC*, No. 20-1440, 2022 WL 203744, at *2 (4th Cir. Jan. 24, 2022) (citing cases).  As Ruh points out in her brief, "thirty-seven states have [held a principal] owes a duty [of reasonable care] in the selection of an independent contractor."[5]  As our own research reveals, no state has held that a principal is insulated from the consequences of its own negligence simply because its contractor was also negligent in causing the injury.

Nevertheless, Metal Recycling Services argues that to answer the question "yes" would "open the floodgates," and "expand . . . the scope of liability . . . to any [principal] who does not turn every stone to investigate and analyze the independent contractor's background, resources, and qualifications."  Similarly, friends of the

General Assembly, . . . That a Court of Appeals for the Courts of Law and Equity shall be, and the same is hereby, established.").  *Conlin*—decided in January 1868—was one of the last decisions the court of appeals made before the new Justices of the Supreme Court were elected in July.  *See* Barry Edmond Hambright, The South Carolina Supreme Court 37-50 (1981) (Ph.D. dissertation, University of South Carolina) (on file with the Supreme Court of South Carolina Library) (discussing the creation of the 1859 Court of Appeals and the 1868 Supreme Court).

[4] *See also Caldwell*, 139 S.C. at 172, 137 S.E. at 446 (majority allowing negligence action against principal to proceed); 139 S.C. at 184-85, 137 S.E. at 451 (Cothran, J., dissenting) (stating in response to majority, "

49 S.C.L. at 211); *Shockley v. Hoechst Celanese Corp.*, 793 F. Supp. 670, 674-75 (D.S.C. 1992) (imposing liability on the principal for its own negligence in using a contractor to dispose of hazardous waste), *aff'd on this ground, rev'd in part on other grounds*, 996 F.2d 1212 (4th Cir. 1993) (unpublished table decision).

[5] Metal Recycling Services concedes "it is true that a majority of states have recognized such claims," but contends the majority comprises thirty-four states, not thirty-seven.

Court—South Carolina Chamber of Commerce and The South Carolina Trucking Association, Inc.—argue answering "yes" will create "unlimited liability upon any shipper who transports goods to or through the State of South Carolina" and "has the potential to drastically, and detrimentally, impact the business environment within the State of South Carolina." Because we are obligated to take these arguments seriously, we address how we anticipate our decision will play out in this and future cases, explain the limited impact we believe our decision will have, and hopefully assure those potentially affected by our decision that, in fact, the sky is not falling.

We turn, therefore, to section 411 of the Restatement (Second) of Torts, which provides:

> An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor
> (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or
> (b) to perform any duty which the employer owes to third persons.

Restatement (Second) of Torts § 411 (Am. L. Inst. 1965).

Ruh asks us to adopt section 411. While we find the text of and comments to subsection 411(a) will be useful in future cases as our circuit and appellate courts determine the parameters of this theory of liability, we deem it unnecessary to go so far as to "adopt" section 411. We will briefly explore four key features of subsection 411(a).[6] First—as in any negligence action—the plaintiff must prove the defendant—in these cases the principal—did not exercise reasonable care. Second, the standard for reasonable care will vary depending on the degree to which the work involves a risk of physical harm unless done "skillfully and carefully." Third, the question of reasonable care relates only to selecting a "competent and careful

---

[6] This case involves potential liability only as set forth in subsection 411(a). We do not address liability under subsection 411(b). *Cf. Mentzer v. Ognibene*, 597 A.2d 604, 609 (Pa. Super. Ct. 1991) ("We agree that the scope of section 411 is properly limited to claims by third persons other than employees of the negligent independent contractor itself."); *Chapman v. Black*, 741 P.2d 998, 1005 (Wash. App. 1987) ("[T]he liability extends not to the employee of the independent contractor, but to innocent passersby.").

contractor."  Finally, the plaintiff must establish the negligence of the principal was a proximate cause of the physical harm.  Each of these features—and others not anticipated here—should be analyzed in future cases to develop a standard that allows an injured plaintiff to recover from an at-fault principal when such a recovery is warranted by the facts and the law, while avoiding unwarranted liability for principals who act reasonably in hiring independent contractors.

### a. Reasonable Care

The standard for the liability of the principal is reasonable care, or, "that [care] which a reasonable [principal] would exercise under the circumstances."  Restatement (Second) of Torts § 411 cmt. c.  During oral argument, we explored what the reasonable care standard may require of principals.  Following up here on that discussion, first, reasonable care under subsection 411(a) is a matter of proof.  The plaintiff must establish by proof a standard of care for selecting a contractor for the particular work and that the principal breached that standard.  Second, most participants in the modern economy already act reasonably in selecting contractors. *See* Restatement (Second) of Torts § 411 cmt. c (recognizing "one who employs" a contractor to perform relatively simple and safe work within the contractor's field "is entitled to assume that [a contractor] of good reputation is competent to do such work safely"); *id.* (explaining the sophistication of the principal "is to be taken into account" in determining the standard of care, using an example of hiring a contractor to build a house); *Sievers v. McClure*, 746 P.2d 885, 891 (Alaska 1987) ("[Section 411] is not unduly burdensome, as in most cases it requires *no additional effort* from an employer who must act reasonably in the selection process  . . . ." (emphasis added)).  We do not foresee that our decision today will place any significant additional burden on the vast majority of principals to investigate a potential independent contractor.

### b. Risk of Harm

Subsection 411(a) contemplates liability of the principal only when the work of the contractor involves a "risk of physical harm unless it is skillfully and carefully done."  Thus, the principal should make reasonable inquiry into the extent to which the work the contractor is being hired to complete involves danger—a foreseeable risk of physical harm—to third parties.  *See* Restatement (Second) of Torts § 411 cmt. c (reciting "the general principle that the amount of care which should be used is proportionate to the danger involved in failing to use it").  The American Law Institute explains that "if the work is such as will be highly dangerous unless properly done and is of a sort which requires peculiar competence and skill for its successful

accomplishment," the principal "may well be required to go to considerable pains to investigate the reputation of the contractor . . . and ascertain the contractor's actual competence." *Id.* Thus, a more risky job generally requires a higher level of competence and care. A contractor hauling toxic chemicals on public highways, for example, needs expertise and equipment, and must act with a level of care, that would not be required for a contractor hauling paper products.

On the other hand, the American Law Institute explains, if the work is of a character that is within the competence of an average person—not requiring special skill and training—there will be a lower standard of care. *See* Restatement (Second) of Torts § 411 cmt. c (stating "whether the work lies within the competence of the average [contractor] or is work which can be properly done only by persons possessing *special skill and training*" is an "important" factor in "determining [the] amount of care required" (emphasis added)). Continuing with the trucking example, competence for hauling paper products may be nothing more than a commercial driver's license and a commercially sound vehicle, and carefulness may be indicated simply by not having a reputation for careless driving. Thus, hiring a trucking company to haul paper products may require no more than a surface level assessment of competence. *See, e.g.*, *Lutz v. Cybularz*, 607 A.2d 1089, 1093 (Pa. Super. Ct. 1992) (holding section 411 required "only a minimal degree of care" from the principal in that case, and stating, "First, the foreseeable danger resulting from improperly delivered newspapers is significantly less than, for example, that of an improperly constructed building or machinery. The risk associated with delivering newspapers is unlikely to result in serious physical harm or property damage.").

### c.    Competent and Careful

Subsection 411(a) requires a principal to exercise reasonable care in selecting "a competent and careful" contractor. Whether a particular contractor is sufficiently competent and careful to perform the work safely will depend on the difficulty and danger associated with the particular work. "The words 'competent and careful contractor' denote a contractor who possesses the knowledge, skill, experience, and available equipment which a reasonable [principal] would realize that a contractor must have in order to do the work . . . without creating unreasonable risk of injury to others, and who also possesses the personal characteristics which are equally necessary." Restatement (Second) of Torts § 411 cmt. a. The American Law Institute explains, as an example of what is not meant by competent and careful, "The rule stated in this Section . . . has no application where the contractor, although competent and careful, is financially irresponsible." Restatement (Second) of Torts § 411 cmt. g.

As stated above, the standard for the competence and carefulness required for particular work is a matter of proof. Of course, a principal's actual knowledge that a contractor has demonstrated—or failed to demonstrate—competence and carefulness in prior work will always be relevant to whether the principal breached the standard of care.

### d. Proximate Cause

As with any other theory of liability, the plaintiff must establish proximate cause. The American Law Institute addressed proximate cause in comment b to section 411, stating "it is . . . necessary that harm shall result from some quality in the contractor which made it negligent for the employer to entrust the work to him." Restatement (Second) of Torts § 411 cmt. b. Sticking with the trucking example to illustrate the point, if a principal hires a contractor unqualified to handle emergencies that may arise while hauling toxic chemicals, the principal is negligent in hiring the contractor. But if the contractor causes an accident by negligently failing to yield the right of way, and the dangerous quality of his cargo plays no part in the accident or injury, then the plaintiff will be unable to establish cause-in-fact and thus unable to establish proximate cause. *See Wickersham v. Ford Motor Co.*, 432 S.C. 384, 390, 853 S.E.2d 329, 332 (2020) ("Proximate cause requires proof of cause-in-fact and legal cause."). In this example, the principal may be liable for his negligence in selecting the contractor only when the contractor's lack of qualifications to handle an emergency involving toxic chemicals is the cause-in-fact of the plaintiff's injury. *See, e.g.*, *Hixon v. Sherwin-Williams Co.*, 671 F.2d 1005, 1010 (7th Cir. 1982) (explaining that even if the defendant/principal was negligent in hiring a contractor "because he had no experience with this particular type of job," the accident resulted from a completely different error: the contractor's "unaccountable failure to read or pay attention to the warnings on the can of glue," and thus the plaintiff could not establish probable cause because the "accident was no more probable because [the contractor] was inexperienced").

### III. Conclusion

We answer the certified question "yes." The potential liability we recognize today is consistent with fundamental principles of tort law. It is based solely on a principal's own negligence in hiring or selecting an independent contractor. It is not a form of vicarious liability nor is it an exception to the general rule that a principal is not liable for the negligence of an independent contractor.

**CERTIFIED QUESTION ANSWERED.**

**BEATTY, C.J., KITTREDGE, JAMES, JJ., and Acting Justice Kaye G. Hearn, concur.**