**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stefani Eddins, Appellant,

v.

Tall Sam I Am, LLC d/b/a Tabbuli, Respondent

Appellate Case No. 2022-000754

Appeal From Charleston County
Bentley Price, Circuit Court Judge

Unpublished Opinion No. 2024-UP-237
Submitted June 1, 2024 – Filed June 3, 2024

**REVERSED AND REMANDED**

Justin D. Maines, of The Nye Law Group, P.C., of Savannah, GA; and Michael E. Liska, of Hilton Head Island, both for Appellant.

Mark Steven Barrow, Brandon Robert Gottschall, Daniel Quintin Atkinson, all of Sweeny Wingate & Barrow, PA, of Columbia, for Respondent.

**PER CURIAM:** In this personal injury action, Stefani Eddins appeals the grant of summary judgment to Tall Sam I Am, LLC, d/b/a Tabbuli (Tabbuli), arguing there

was sufficient evidence to create a jury question. We reverse pursuant to Rule 220(b), SCACR.

We hold the circuit court erred in granting Tabbuli's motion for summary judgment. *See Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 109, 662 S.E.2d 40, 41 (2008) ("When reviewing a grant of summary judgment, an appellate court applies the same standard used by the [circuit] court."); Rule 56(c), SCRCP (explaining summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 461, 892 S.E.2d 297, 300 (2023) ("[T]he party opposing the motion [must] show a 'reasonable inference' to be drawn from the evidence."); *Koester v. Carolina Rental Ctr., Inc.*, 313 S.C. 490, 493, 443 S.E.2d 392, 394 (1994) ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the non-moving party."). Although the light that fell and injured Eddins was hung by an independent contractor, we find a reasonable jury could find Tabbuli was negligent in seating Eddins under a temporary light fixture. *See Garvin v. Bi-Lo, Inc.*, 343 S.C. 625, 628, 541 S.E.2d 831, 832 (2001) (holding a plaintiff must prove "either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it"); *Sims v. Giles*, 343 S.C. 708, 718, 541 S.E.2d 857, 863 (Ct. App. 2001) ("The owner of property owes to an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety, and is liable for injuries resulting from the breach of such duty."); *Duane v. Presley Constr. Co.*, 270 S.C. 682, 683-84, 244 S.E.2d 509, 510 (1978) (stating that a principal is not usually liable for the negligent acts of an independent contractor; they are "responsible, however, if the injury is caused by his own negligence in failing to take preventive measures"). Eddins presented expert testimony that temporary light fixtures should have been barriered from patrons and the light's weight and height posed a foreseeable risk of harm to spectators seated underneath the light fixture. Additionally, Tabbuli employees testified that they were heavily involved in the planning and execution of the event, including collaborating with the independent contractor on the floor plan. They also explained Tabbuli established responsibilities to investigate and mitigate hazards and to ensure a location was safe before seating patrons. Accordingly, viewing the evidence in the light most favorable to Eddins, we hold a jury could reasonably infer Tabbuli was negligent

in seating Eddins under the light and in failing to notice and correct the hazardous condition that resulted in her injury.

**REVERSED AND REMANDED.**[1]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.